IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO,<br><br>                Plaintiff,<br><br>    vs.<br><br>KOANAIKI RESORT,<br><br>                Defendant. | CIVIL NO. 21-00255 LEK-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................ 1

II.   RELEVANT BACKGROUND ............................................................ 4

    A.   The Original Action Was Dismissed "Without Leave to Amend," and Judgment Was Entered Against Plaintiff ........................................ 4

        1.   Plaintiff's First Complaint Was Dismissed with Leave to Amend ..................................................................................... 5

        2.   Plaintiff's First Amended Complaint Failed to Cure the Jurisdictional Defect, and Plaintiff's Claims Were Therefore Dismissed Without Leave to Amend, and Judgment Was Entered Against Plaintiff ................................................................. 6

    B.   The Instant Action Is Based on the Same Facts and Circumstances as the Original Action .................................................. 7

    C.   Plaintiff Is Attempting to Sue in Federal Court Because Plaintiff Has Been Deemed a "Vexatious Litigant" and Must Post a $10,000 Bond in Order to Proceed in State Court ................................. 8

III.   LEGAL STANDARD ........................................................................ 9

    A.   Lack of Subject Matter Jurisdiction ........................................................ 9

    B.   Failure to State a Claim Upon Which Relief Can be Granted ........... 10

IV.   ARGUMENT .................................................................................. 11

    A.   Plaintiff is Precluded from Relitigating the Original Action in Contravention of Judge Kay's Order .................................................... 11

    B.   Even If Relitigation Was Appropriate, Plaintiff Nonetheless Fails to Establish Subject Matter Jurisdiction .................................................. 13

    C.   Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted ................................................................................................. 16

i

1.    Plaintiff's Negligence and Premises Liability Claims Fail to State a Claim Upon Which Relief Can Be Granted .............. 16

        i.    Defendant Did Not Breach Any Duty of Care Owed to Plaintiff ................................................................................ 17

        ii.    None of Defendant's Purported Acts or Omissions Were the Legal Cause of Plaintiff's Purported Injuries ... 20

2.    Plaintiff's Claim Pertaining to HRS § 663-1.6 Must be Dismissed ...................................................................... 21

3.    Plaintiff's Claim Pertaining to HRS § 852-1 Must be Dismissed ...................................................................... 22

V.    CONCLUSION ................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Adickes v. S.H. Kress & Co.*,
 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ..........................................15

*Aldabe v, Aldabe*,
 616 F.2d 1089 (9th Cir. 1980) ...................................................................... 22, 23

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ................................................................................ 10, 11

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988) ...............................................................................10

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................10

*Black v. Payne*,
 591 F.2d 83 (9th Cir. 1979) .................................................................................13

*Brown v. Porter McGuire Kiakona & Chow, LLP*,
 Civil No. 16-00448 LEM-KJM, 2017 WL 3763843 (D. Haw. Aug. 30,
 2017) .....................................................................................................................2

*Bui v. IBP, Inc.*,
 205 F.Supp.2d 1181 (D. Kan. 2002) ...................................................................12

*Campbell v. City of San Antonio*,
 43 F.3d 973 (5th Cir. 1995) .................................................................................19

*Cooper v. Ramos*,
 704 F.3d 772 (9th Cir. 2012) ...............................................................................13

*De-Amor v. Cabalar*,
 No. 14-00272 LEK-BMK, 2014 WL 2812882 (D. Haw. June 23, 2014)............13

*Dicion v. Mann Mortg., LLC*,
No. CIV. 14-00252 JMS, 2014 WL 5827137 (D. Haw. 2014) ...........................12

*Estelle v. Gamble*,
429 U.S. 97, 50 L.Ed.2d 251 (1976) ..................................................11

*Frigard v. United States*,
862 F.2d 201 (9th Cir. 1988) ..............................................................13

*George v. Pac.-CSC Work Furlough*,
91 F.3d 1227 (9th Cir. 1996) ..............................................................15

*Gerritsen v. de la Madrid Hurtado*,
819 F.2d 1511 (9th Cir. 1987) ......................................................... 1, 12

*Haake v. Safeway*,
819 F. Supp. 2d 1132 (D. Haw. 2011) ..................................................20

*Howerton v. Gabica*,
708 F.2d 380 (9th Cir. 1983) ..............................................................15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .........................................................................6

*Larkin v. Johnson*,
44 S.W.3d 188 ..............................................................................18

*Lemberg v. JPMorgan Chase Bank, N.A.*,
No. 17-CV-05241-JSC, 2018 WL 1046886 (N.D. Cal. Feb. 26, 2018)..............16

*Levai v. Law*,
235 Fed. Appx. 684, 2007 WL 2468870 (9th Cir. 2007) .......................... 22, 23

*Lugar v. Edmonson Oil Co.*,
457 U.S. 922, 102 S.Ct. 2744 (1982) ..................................... 13, 14, 15

*Lundberg v. Scoggins*,
335 N.W.2d 235 (Minn. 1983) ...........................................................19

*Migi v. Jett*,
CIV. No. 09-00028 JMS-LEK, 2009 WL 196188 (D. Haw. Jan. 26, 2009) .......13

*Montgomery v. City of Ardmore*,
365 F.3d 926 (10th Cir. 2004) ..........................................................................15

*Oglaga Sioux Tribe of Pine Ridge Indian Rsrv. v. Homestake Min. Co.*,
722 F.2d 1407 (8th Cir. 1983) ........................................................................ 2, 11

*O'Grady v. State*,
140 Hawaiʻi 36, 398 P.3d 625 (2017) ................................................................20

*Perry v. Sheehan*,
222 F.3d 309 (7th Cir. 2000) ........................................................................ 11, 13

*Pickard v. City & Cnty. of Honolulu*,
51 Haw. 134, 452 P.2d 445 (1969) ...................................................................17

*Price v. State of Hawaii*,
939 F.2d 702 (9th Cir. 1991) ........................................................................ 3, 14

*Ramsden v. W. Union*,
71 Cal.App.3d 873, 138 Cal. Rptr. 426 (Ct. App. 1977) ...................................19

*Reiner v. Mental Health Kokua*,
No. 10-00340 DAE LEK, 2011 WL 322535 (D. Haw. Jan. 31, 2011)..... 3, 14, 15

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 ...................................................................................................2

*Scanlon v. Atascadero State Hosp.*,
677 F.2d 1271 (9th Cir. 1982) ...................................................................... 1, 12

*Scott v. Eversole Mortuary*,
522 F.2d 1110 (9th Cir. 1975) ...................................................................... 1, 12

*Skinner v. Gragg*,
No. CV-14-01412, 2015 WL 12966224 (S.D. Tex. Aug. 13, 2015)............. 17, 18

*State v. Phillips,*
    138 Hawaiʻi 321, 382 P.3d 133 (2016) ................................................20

*Sutton v. Providence St. Joseph Med. Ctr.,*
    192 F.3d 826 (9th Cir. 1999) ...........................................................15

*Swierkiewicz v. Sorema,*
    534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ...........................19

*West v. Atkins,*
    487 U.S. 42 (1988) ...................................................................... 3, 14

*Winfrey v. GGP Ala Moana LLC,*
    130 Hawaii 262, 308 P.3d 891 (2013)................................................17

<u>Statutes</u>

18 U.S.C. § 241 .........................................................................................5
42 U.S.C. § 1983 ............................................................................... passim
Haw. Rev. Stat. § 634J ..............................................................................9
Haw. Rev. Stat. § 663-1.6 .............................................. 8, 16, 21, 22
Haw. Rev. Stat. § 663-1.6(c)....................................................................22
Haw. Rev. Stat. § 852-1 .......................................................... 8, 16, 22
Haw. Rev. Stat. § 852-2 ...........................................................................23
Haw. Rev. Stat. §§ 520-4 .........................................................................16
Haw. Rev. Stat. §§ 520-5 .........................................................................16

<u>Rules</u>

Fed. R. Civ. P. Rule 12(h)(3) ............................................................ 6, 10
Fed. R. Civ. P. Rule 8 ..............................................................................10
Fed. R. Civ. P. Rule 12(b)(1) ....................................................................9
Fed. R. Civ. P. Rule 12(b)(6) ...................................................................10

<u>Other Authorities</u>

C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4402, at
    11, 4435 at 330 .......................................................................11

C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4435 at
    330 .............................................................................................2

## MEMORANDUM IN SUPPORT OF MOTION

## I.   INTRODUCTION

Plaintiff Noe Raquinio (***Plaintiff***)'s substantive claims in this action were previously filed against Defendant Kohanaiki Community Association (erroneously sued as "Kohanaiki Resort") (***Defendant***), Kohanaiki Realty, LLC, and David Reese under Civil No. 20-00540 ACT-RT (***Original Action***).[1] The Hon. Alan C. Kay properly dismissed the Original Action for lack of subject matter jurisdiction, and afforded Plaintiff an opportunity to amend his complaint. Plaintiff filed an amended complaint, but failed to cure the jurisdictional defect, and Judge Kay therefore recognized that the lack of jurisdiction could not be cured by further amendment. The Original Action was then dismissed ***without leave to amend***.[2]

Rather than comply with Judge Kay's unambiguous ruling by filing his claims in State court, Plaintiff filed this action. While it is evident that Plaintiff is motivated to be in federal court because Plaintiff has been deemed a "vexatious litigant" by the Circuit Court of the Third Circuit, State of Hawai'i, and he cannot

---

[1] The Original Action was styled, *Noe Raquinio v. Koaniki Resort* (sic)*, (David Reese), Koanaiki Realty* (sic).

[2] "Failure to allow leave to amend supports an inference that the district court intended to make the order final." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987) (citing *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975). "Furthermore, the court's intention of finality is evidenced by its apparent conclusion that amendment of the complaint could not save the action." *Id.* (citing *Scanlon v. Atascadero State Hosp*., 677 F.2d 1271, 1272 (9th Cir. 1982), *vacated on other grounds*, 465 U.S. 1095 (1984).

bring his claims in that court without posting a $10,000 bond,[3] Plaintiff's desire to be in federal court does not vest this Court with subject matter jurisdiction over Plaintiff's claims, and does not negate the preclusive effect of Judge Kay's prior dismissal of this dispute.

In his new complaint [Dkt. 1],[4] Plaintiff describes precisely the same facts and circumstances that were asserted in the Original Action. But now, Plaintiff cites to 42 U.S.C. § 1983 in an attempt to establish federal question jurisdiction. Judge Kay's jurisdictional dismissal, however, precludes relitigation of the issue of jurisdiction,[5] and Plaintiff cannot now assert new grounds for federal subject matter jurisdiction where the Original Action was already dismissed without leave to amend. And, in all events, there is no subject matter jurisdiction pursuant to 42

---

[3] *See*, *e.g.*, Docket for Case No. 3CC191000099K, a copy of which is attached hereto as ***Exhibit 10***, at Docket No. 62; *see also* Declaration of Robert J. Brown, dated June 24, 2021, at ¶¶ 9-10. The Court may take judicial notice of court filings and other matters of public record. *See*, *e.g.*, *Brown v. Porter McGuire Kiakona & Chow, LLP*, Civil No. 16-00448 LEM-KJM, 2017 WL 3763843 (D. Haw. Aug. 30, 2017) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)).

[4] A true and correct copy of Plaintiff's new complaint is attached hereto as ***Exhibit 1***.

[5] *See*, *e.g.*, *Oglaga Sioux Tribe of Pine Ridge Indian Rsrv. v. Homestake Min. Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) ("Dismissal of a suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim.") (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 4435 at 330 n.7).

U.S.C. § 1983 where Plaintiff has failed to allege, as required,[6] any material facts demonstrating that he was deprived of any constitutional or federal right, or that such deprivation was caused by Defendant acting "under color of state law."[7]

Finally, even if *arguendo* Plaintiff's claims were not precluded by Judge Kay's dismissal of the Original Action, and if this Court has subject matter jurisdiction, this case should be dismissed because Plaintiff's new complaint fails to state a claim upon which relief can be granted. Plaintiff asserts claims of negligence and premises liability, but there is nothing plausibly alleged to support a finding that Defendant breached any duty of care owed to Plaintiff, or that Defendant's acts or omissions were the proximate cause of Plaintiff's purported injuries. Indeed, the sole substantive allegation against Defendant is that Defendant's security guard called the police after Plaintiff had confronted him.

In sum, this case must be dismissed: (1) for violation of the order dismissing the Original Action without leave to amend; (2) because this Court lacks subject matter jurisdiction pursuant to 42 U.S.C. § 1983; and/or (3) because Plaintiff has failed to state a claim upon which relief can be granted.

---

[6] *See*, *e.g.*, *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

[7] To assert a § 1983 claim, a plaintiff must demonstrate "(1) a deprivation of a constitutional right, and (2) that the deprivation was committed by a person acting under the color of state law." *Reiner v. Mental Health Kokua*, No. 10-00340 DAE LEK, 2011 WL 322535, at * 5 (D. Haw. Jan. 31, 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## II.   RELEVANT BACKGROUND

### A.   The Original Action Was Dismissed "Without Leave to Amend," and Judgment Was Entered Against Plaintiff.

On December 9, 2020, Plaintiff filed his Complaint (***Complaint***)[8] in the Original Action. On December 28, 2020, Plaintiff filed another document entitled, "Complaint,"[9] which expanded on the allegations contained in the original Complaint, and asserted:

- That on September 26, 2020, Plaintiff was attempting to access the "Pine trees surf spot" located in front of the "Koanaiki Resort";[10]
- That while doing so, the "Koanaiki Resort was intentionally blocking the beach access by locking the entrance gates purposely";[11]
- That Plaintiff then "confronted the resort security" and that the individual confronted by Plaintiff called police;[12]
- That Plaintiff also called police, but the call was cut off, and that Plaintiff was approached by "resort security," who gestured toward Plaintiff;[13]
- That thereafter, a police officer engaged with Plaintiff and the police officer "attacked" Plaintiff and proceeded to place restraints on Plaintiff before "tearing [Plaintiff's] arm apart [and] ripping [Plaintiff's] right shoulder rotator cuff";[14] and
- That Plaintiff's legs were bent "backwards until [Plaintiff's] back gave in broken."[15]

---

[8] A true and correct copy of Plaintiff's Complaint is attached hereto as ***Exhibit 2***.

[9] A true and correct copy of Plaintiff's December 28, 2020, "Complaint" is attached hereto as ***Exhibit 3***.

[10] **Ex. 3**, at 1.

[11] **Ex. 3**, at 1.

[12] **Ex. 3**, at 1-2.

[13] **Ex. 3**, at 2.

[14] **Ex. 3**, at 2.

[15] **Ex. 3**, at 2.

As a basis for jurisdiction, the Complaint indicated that the case presented a federal question, and Plaintiff identified 18 U.S.C. § 241, "Conspiracy against rights," as the specific statute at issue.[16]

### 1. Plaintiff's First Complaint Was Dismissed with Leave to Amend.

On January 29, 2021, the Hon. Rom A. Trader issued his Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis (***Complaint F & R***).[17] The Complaint F & R noted that 18 U.S.C. § 241 is a criminal statute and that, "A civil complaint cannot be used to state a claim for the violation of a criminal statute."[18] On that basis, Judge Trader recommended dismissal of the Complaint, without prejudice and with leave to amend, but further noted:

> Plaintiff should also consider whether federal or state court is the proper forum for Plaintiff's claim. Federal courts have limited subject matter jurisdiction. It seems that Plaintiff may be attempting to bring negligence claims. If so, in order for this court to adjudicate Plaintiff's claims, there must be diversity of citizenship and more than $75,000 in controversy. In this case, Plaintiff and the named defendants seem to be citizens of the same state thus precluding diversity jurisdiction. Alternatively, Plaintiff may assert a federal claim.

---

[16] **Ex. 2**, at 4 (§ II and § II(A)).

[17] A true and correct copy of the F & R is attached hereto as ***Exhibit 4***.

[18] *See* **Ex. 4**, at 4.

*See* **Ex. 4**, at 6. On February 16, 2021, the Hon. Alan C. Kay issued an order

adopting Judge Trader's Complaint F & R.[19]

> **2.      Plaintiff's First Amended Complaint Failed to Cure the Jurisdictional Defect, and Plaintiff's Claims Were Therefore Dismissed Without Leave to Amend, and Judgment Was Entered Against Plaintiff.**

On March 12, 2021, Plaintiff filed his First Amended Complaint (***FAC***).[20]

However, despite the guidance provided in the Complaint F & R, the FAC did not

include any statement pertaining to jurisdiction, and accordingly, on May 14, 2021,

Judge Trader filed his Findings and Recommendation to Dismiss First Amended

Complaint and Order Denying Plaintiff's Application to Proceed in Forma

Pauperis (***FAC F & R***).[21] The FAC F & R recommended dismissal of the FAC

"***without leave to amend***"[22] and further stated:

> Federal Courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)… Pursuant to Fed. R. Civ. P. 12(h)(3), '[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.'…
>
> In this case, the Court explained the deficiency in its [Complaint] F & R and Plaintiff was granted leave to amend… Indeed, on March 12, 2021, Plaintiff filed the [FAC]. The Ninth Circuit does not require

---

[19] A true and correct copy of February 16, 2021, order adopting Judge Trader's Complaint F&R is attached hereto as ***Exhibit 5***.

[20] A true and correct copy of the FAC is attached hereto as ***Exhibit 6***.

[21] A true and correct copy of the FAC F&R is attached hereto as ***Exhibit 7***.

[22] *See* **Ex. 7**, at 1.

further leave to amend where deficiencies cannot be cured by amendment… Although Plaintiff was granted leave to amend the [O]riginal Complaint, no further leave should be granted as Plaintiff is unable to cure the lack of jurisdiction and thus, further amendment would be futile.[23]

*See* **Ex. 7**, at 8-9. On June 2, 2021, Judge Kay issued an order adopting Judge

Trader's FAC F & R.[24] Final judgment was thereafter entered against Plaintiff and

in favor of defendants in the Original Action.[25]

### B.   The Instant Action Is Based on the Same Facts and Circumstances as the Original Action.

Plaintiff filed his new complaint (***New Complaint***) in this case on June 1,

2021.[26] The New Complaint sets forth a "Statement of the Case" which asserts the

same underlying facts and circumstances as were asserted in the Original Action.

Specifically, the New Complaint alleges that on September 26, 2020, Plaintiff

"was going to surf at Koanaiki beach also known as [Pinetrees,]" that the "entry to

---

[23] In addition to recommending dismissal of the FAC, Judge Trader noted in the FAC F & R that while the Court had not considered Plaintiff's December 28, 2020, "Complaint" in issuing the Complaint F & R, and that it was unclear whether Plaintiff intended the December 28, 2020, "Complaint" to be an amendment to the Complaint, but that the December 28, 2020, "Complaint" nonetheless contained the same jurisdictional deficiency as the Complaint, and thus, "the rules require that the [December 28, 2020,] Complaint be dismissed." *See* **Ex. 7**, at n. 1 (brackets added).

[24] A true and correct copy of June 2, 2021, order adopting Judge Trader's FAC F&R is attached hereto as ***Exhibit 8***.

[25] A true and correct copy of the final judgment is attached hereto as ***Exhibit 11***.

[26] *See* **Ex. 1**.

the county beach was closed," and that he thereafter "confronted" a security guard who called police.[27] Plaintiff further claims that he was "run down by a white male officer" who "intentionally used excessive force," which caused purported injuries to Plaintiff.[28]

The New Complaint identifies 42 U.S.C. § 1983, deprivation of rights, as the basis for federal jurisdiction, and appears to assert claims related to premises liability and negligence, breach of HRS § 663-1.6, "Duty to assist," and breach of HRS § 852-1, "Refusal to provide ingress or egress."[29] Plaintiff's negligence claims were previously asserted in the Original Action. The claims pertaining to breach of the HRS were not previously alleged, but as explained below, such criminal statutes may not be used by Plaintiff to seek civil damages.

### C. Plaintiff Is Attempting to Sue in Federal Court Because Plaintiff Has Been Deemed a "Vexatious Litigant" and Must Post a $10,000 Bond in Order to Proceed in State Court.

In Civil No. 3CC19100099K (*State Action*),[30] Plaintiff filed a complaint in the Circuit Court of the Third Circuit against, among others, the County of Hawaiʻi and the Hawaiʻi Police Department. Plaintiff alleged *inter alia* that he was falsely

---

[27] *Id.*, at 2.

[28] *Id.*

[29] *See* **Ex. 1**, at 3-5.

[30] A true and correct copy of the complaint filed in the State Action is attached hereto as ***Exhibit 9***.

arrested, that officers had conducted an illegal search and seizure of his person and vehicle, that he was maliciously prosecuted and that he pleaded guilty to an "illegal conviction."[31]

As noted in the Case Docket,[32] the State Action was dismissed, and the Hon. Robert Kim found Plaintiff to be a vexatious litigant pursuant to HRS § 634J and authorized Plaintiff to file new state court cases *only on condition* that he post a $10,000 bond prior to filing any pleading, document or motion.[33] Presumably, Plaintiff has ignored Judge Kay's order dismissing the Original Action and refiled his claims in federal court again because, having been deemed a vexatious litigant, Plaintiff would be required to post a $10,000 bond in order to proceed in state court.

## III.   <u>LEGAL STANDARD</u>

### A.   **Lack of Subject Matter Jurisdiction.**

FRCP Rule 12(b)(1) provides, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party

---

[31] *See*, *e.g.*, **Ex. 9**, at 2. In the State Action, Plaintiff listed his address as: 68-3752 Ua Noe, P.O. Box 383444, Waikoloa HI, 96738, and identified his telephone number as (808) 765-5157. *Id.*, at 10. In the New Complaint, Plaintiff likewise identified his address as: P.O. Box 383444, Waikoloa, HI 96738, and listed his telephone number as (808) 765-5157. *See* **Ex. 1**, at 7.

[32] *See* **Ex. 10**.

[33] *See* **Ex. 10**, at Dkt. No. 62.

may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]" Further, pursuant to FRCP Rule (12)(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

## B.    Failure to State a Claim Upon Which Relief Can be Granted.

Per Rule 12(b)(6), dismissal is appropriate where a complaint fails to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Likewise, a pleading containing "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the pleading requirements of FRCP Rule 8 and cannot withstand a motion to dismiss for failure to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 557). When considering a Rule 12(b)(6) motion, the Court must accept as true all factual

10

allegations in the complaint. Legal conclusions, however, are not entitled to an assumption of truth. *Id*. at 1949-50. Legal conclusions must be supported by factual allegations for the complaint to survive a motion to dismiss. *Id*. at 1950.

A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L.Ed.2d 251, 285 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted).

## IV.   <u>ARGUMENT</u>

### A.   Plaintiff is Precluded from Relitigating the Original Action in Contravention of Judge Kay's Order.

"Dismissal of a suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim," and "[r]elitigation of the question of whether the first court had subject matter jurisdiction is also precluded." *Oglaga Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Min. Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 4402, at 11, 4435 at 330 n.7); *see also Perry v. Sheehan*, 222 F.3d 309, 318 (7th Cir. 2000) ("Although only judgments on the merits preclude parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for lack of jurisdiction have no preclusive effect at all. A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely

11

the jurisdictional issue."); *Dicion v. Mann Mortg., LLC*, No. CIV. 14-00252 JMS, 2014 WL 5827137, at *6 (D. Haw. 2014) (same).[34]

Plaintiff's Complaint in this action is based on the same facts and circumstances that were alleged in the Original Action. Plaintiff is precluded from relitigating the existence of federal subject matter jurisdiction where that issue was conclusively decided by Judge Kay in his order adopting Judge Trader's FAC F & R.[35] Moreover, Plaintiff was given two opportunities in the Original Action to establish subject matter jurisdiction, and, having failed to make the requisite showing, his Complaint was dismissed "without leave to amend." As stated in *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987) (citing *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975), "Failure to allow leave to amend supports an inference that the district court intended to make the order final."[36] Whether by virtue of the applicable case law, or the express finding

---

[34] *See also*, *Bui v. IBP, Inc.*, 205 F.Supp.2d 1181, 1188 (D. Kan. 2002) (stating that "a judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised," but that judgement will "have preclusive effect as to matters actually adjudicated, including the precise issue of jurisdiction that led to the initial dismissal.").

[35] *See* **Exs. 7** and **8**.

[36] Furthermore, "the court's intention of finality is evidenced by its apparent conclusion that amendment of the complaint could not save the action." *Id.* (citing *Scanlon v. Atascadero State Hosp.*, 677 F.2d 1271, 1272 (9th Cir. 1982), *vacated on other grounds*, 465 U.S. 1095 (1984). Here, as expressed in Judge Trader's FAC F & R, he found that further amendment of the Complaint "would be futile." *See* **Ex. 8**, at 9. And, while it is "not uncommon for courts to frame a jurisdictional

that the Original Action was dismissed "without leave to amend," Plaintiff's Complaint in this action impermissibly seeks to relitigate what has already been decided, and must be dismissed.[37]

**B.     Even If Relitigation Was Appropriate, Plaintiff Nonetheless Fails to Establish Subject Matter Jurisdiction.**

Even if this Court were to allow the jurisdictional question to be relitigated, Plaintiff's New Complaint fails to establish subject matter jurisdiction, and the jurisdictional defect that was identified by Judge Trader and Judge Kay has not been cured by Plaintiff's reference to 42 U.S.C. § 1983.[38] As stated in *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744 (1982):

---

dismissal as being 'without prejudice' because the merits have not been considered," *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (citing *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)), ordinarily, the court's intent in dismissing a suit for lack of subject matter jurisdiction "without prejudice" is "so that a plaintiff may reassert his claims *in a competent court*." *Frigard*, 862 F.2d at 204 (citing *Black v. Payne*, 591 F.2d 83, 86 (9th Cir. 1979) (emphasis added); *accord De-Amor v. Cabalar*, No. 14-00272 LEK-BMK, 2014 WL 2812882, at *4 (D. Haw. June 23, 2014) (explaining that federal court's dismissal without leave to amend resulting from lack of subject matter jurisdiction of family and probate law claims was "without prejudice to the filing of such claims in the *appropriate state court*.") (Emphasis added); *see also Migi v. Jett*, CIV. No. 09-00028 JMS-LEK, 2009 WL 196188, at *2 (D. Haw. Jan. 26, 2009).

[37] "[I]t does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Perry v. Sheehan*, 222 F.3d 309, 318 (7th Cir. 2000) (internal citation omitted).

[38] 42 U.S.C. § 1983 provides, in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage... subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights,

> The plain language of 42 U.S.C. § 1983 establishes that a plaintiff must satisfy two jurisdictional requisites to state an actionable claim. First, he must allege the violation of a right 'secured by the Constitution and laws' of the United States. Because 'most rights secured by the Constitution are protected only against infringement of governments,' *Flagg Bros., Inc. v. Brooks*, 436 U.S. [149], 156, 98 S.Ct. [1729], 1733[ (1978)], this requirement compels an inquiry into the presence of state action. Second, a § 1983 plaintiff must show that the alleged deprivation was caused by a person acting 'under color' of law.

*Lugar*, 457 U.S., at 946, 102 S.Ct, at 2758 (brackets added); *see also*, *Reiner v. Mental Health Kokua*, No. 10-00340 DAE LEK, 2011 WL 322535, at * 5 (D. Haw. Jan. 31, 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Further:

> [C]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act . . . This is appropriate for . . . [c]areful adherence to the state action requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed. A major consequence is to require the courts to respect the limits of their own power as directed against state governments and private interests.

*Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (quotation marks and internal citations omitted). Here, the New Complaint alleges only that Plaintiff was deprived of "common rights under Premises Liability Law."[39] There is no allegation concerning any federal or constitutional right or how Plaintiff was

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

[39] *See* **Ex. 1**., at 3.

purportedly deprived of any such right, and there is certainly no plausible assertion that Defendant was acting "under color" of state law.[40]

"A private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). In this case, Defendant has been accused of no more than *disengaging* while Plaintiff was purportedly being assaulted by officers. Plaintiff expressly complains that none of Defendant's "security," "managers" or "resort rep[resentatives]" were present while Plaintiff was purportedly the recipient of "excessive force[.]"[41] Such express **lack of participation** cannot be reasonably construed as "willful participation" with

---

[40] "When determining whether a private party acted under color of state law, a court starts with the presumption that private conduct does not constitute state action." *Reiner*, 2011 WL 322535, at *5 (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). Private entity action can only be state action if there is significant state involvement. *Id.* (citing *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983)). "Individuals bringing actions against private parties for infringement of their constitutional rights... must show that the private parties' infringement somehow constitutes state action." *Id.* (quoting *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)). This limit is essential because "[w]ithout a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

[41] *See* **Ex. 1**, at 2.

the alleged conduct. Just the opposite; and accordingly, there is no basis for subject matter jurisdiction before this Court.[42]

### C.  Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted.

The New Complaint appears to assert claims related to premises liability and negligence, breach of HRS § 663-1.6, "Duty to assist," and breach of HRS § 852-1, "Refusal to provide ingress or egress."[43]

#### 1.  Plaintiff's Negligence and Premises Liability Claims Fail to State a Claim Upon Which Relief Can Be Granted.

Under the "Violations" section of Plaintiff's New Complaint, he refers to HRS §§ 520-4, 520-5 and then includes language regarding "Duty of Care." Construing these sections as asserting claims against Defendant pertaining to premises liability and/or negligence, such claims fail.

The elements of a negligence and premises liability claim are the same: "A legal duty of care, breach of that duty, and proximate cause resulting in injury." *Lemberg v. JPMorgan Chase Bank, N.A.*, No. 17-CV-05241-JSC, 2018 WL 1046886, at * 2 (N.D. Cal. Feb. 26, 2018) (citation omitted). "An occupier of land

---

[42] To the extent that it could be implied that Defendant's security officer's mere phone call to police could constitute "willful participation" sufficient to establish that Defendant was acting under the "color of state law," such a construal would lead to the absurd result where any call made to police, by any person, would render one potentially liable under 42 U.S.C. § 1983 for any deprivation of rights claim springing from law enforcement action taken in response to the call.
[43] *See* **Ex. 1**, at 3-5.

has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises, regardless of the status of the individual as invitee, licensee, or trespasser." *Winfrey v. GGP Ala Moana LLC*, 130 Hawaii 262, 271, 308 P.3d 891, 900 (2013) (citing *Pickard v. City & Cnty. of Honolulu*, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969). However, even if Plaintiff was arguably owed a duty of care when on Defendant's property, the facts alleged in the New Complaint would not establish that Defendant breached its duty of care.

### i. Defendant Did Not Breach Any Duty of Care Owed to Plaintiff.

The crux of Plaintiff's allegations are (1) that he entered onto Defendant's property to access the surf spot known as "Pinetrees," (2) that the gate leading to the surf spot was blocked, (3) that he "confronted" the resort security and that the security officer called police, and (4) that the police officer attacked Plaintiff and caused Plaintiff's injuries.[44] None of this provides for any plausible argument that Defendant breached a duty of care owed to Plaintiff.

In *Skinner v. Gragg*, No. CV-14-01412, 2015 WL 12966224 (S.D. Tex. Aug. 13, 2015), a case with facts and arguments similar to those before this Court, a United States District Court rejected a premises liability claim against mall owners/operators (***Mall Defendants***) where an off-duty police officer assisted mall

---

[44] *See*, *generally*, **Ex. 1**.

security and arrested the plaintiff for criminal trespass on charges that were ultimately dropped. In granting a motion for summary judgment filed in a subsequent civil action brought against, among others, the Mall Defendants, the *Skinner* Court ruled:

> '[W]here an officer is performing a job incident to enforcing the public laws, he is acting in the course and scope of his employment as a police officer even if the private employer directed him to perform the duty.' *Larkin v. Johnson*, 44 S.W.3d 188, 189 (Tex. App.— Houston [14th Dist.] 2001, pet. denied).
>
> Defendant Gragg was acting in his capacity as a peace officer when he arrested Skinner. Despite the fact that Gragg was off-duty, when he observed conduct that he reasonably believed was criminal trespass, he became an on-duty officer... It is of no consequence that some of Gragg's actions may have been directed by or responsive to security officers from the [m]all. *See Larkin*, 44 S.W.3d at 189... Therefore, the Court finds that Plaintiffs have offered no evidence to support a finding that the Mall Defendants are vicariously liable for any alleged conduct in this case... Furthermore, insofar as Plaintiffs have asserted that the Mall Defendants are directly liable for... premises liability, the Court finds that Plaintiffs have failed to offer evidence of any duty that was breached directly by the Mall Defendants' conduct.

*Skinner*, *supra*, 2015 WL 12966224 at *12 (some internal citations omitted; brackets added). Simply stated, calling law enforcement does not breach any duty of care, especially when, using Plaintiff's own words, Plaintiff "confronted" the security officer. Just as in *Skinner*, "it is of no consequence that some of [the police officer's] actions may have been directed by or responsive to" Defendant's security officer. *Id.* And in all events, there is nothing alleged in the New Complaint suggesting that any police actions were "directed by or responsive to" Defendant's

18

security officer. On the contrary, as alleged, Defendant's security officers were not even present[45] when officers purportedly assaulted Plaintiff.[46]

If Defendant owed Plaintiff a duty of care, Plaintiff's New Complaint provides for no allegations to support a finding that Defendant breached that duty, and therefore, Plaintiff's claims relating to premises liability and negligence must be dismissed.

---

[45] *See* **Ex. 1**, at 2.

[46] Moreover, even if *arguendo* Defendant's security officer was overzealous in calling police, multiple jurisdictions have refused to allow recovery under a negligence theory where a citizen makes an honest mistake in reporting information to police. *See*, *e.g.*, *Lundberg v. Scoggins,* 335 N.W.2d 235, 236 (Minn. 1983) (no cause of action for negligently assisting a criminal investigation or prosecution because "a threat of action – which does not include an element of maliciousness – would serve to further discourage citizen participation in criminal investigations and prosecutions"); *Campbell v. City of San Antonio,* 43 F.3d 973, 981 (5th Cir. 1995), *overruled in part on other grounds by Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("To hold... that [defendant's] negligent misidentification of [plaintiff] is actionable would in substance convert the Texas tort of *malicious* prosecution into one of *negligent* prosecution. This we decline to do.") (emphasis in original); *Ramsden v. W. Union,* 71 Cal.App.3d 873, 881, 138 Cal. Rptr. 426, 431 (Ct. App. 1977) (holding that a limitation upon recovery for negligently reporting information to police "is made necessary by the public interest in encouraging citizens possessing information about a crime to aid in law enforcement," and otherwise ruling, "To allow recovery for negligently informing the police would undermine the careful balance of public policy considerations developed in connection with the torts of malicious prosecution and false arrest.").

ii.    **None of Defendant's Purported Acts or Omissions Were the Legal Cause of Plaintiff's Purported Injuries.**

If Defendant owed a duty of care to Plaintiff, and if, *arguendo*, Defendant somehow breached that duty of care, the breach cannot be said to have been the proximate cause of Plaintiff's purported injuries. "A party's conduct is a legal cause of harm to another if… his conduct is a substantial factor in bringing about the harm." *State v. Phillips*, 138 Hawaiʻi 321, 352, 382 P.3d 133, 164 (2016) (internal citation and quotation marks omitted). "[A] substantial factor is one that a reasonable person would consider to have contributed to the harm." *O'Grady v. State*, 140 Hawaiʻi 36, 47, 398 P.3d 625, 636 (2017); *see also*, *Haake v. Safeway*, 819 F. Supp. 2d 1132, 1135 (D. Haw. 2011) ("As to the issue of causation, an actor's negligent conduct is a legal cause of harm to another if (a) his or her conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his or her negligence has resulted in the harm.") (Internal citations, quotation marks and brackets omitted).

Here, the sole material accusation against Defendant is that Defendant's security guard called the police, which took place after Plaintiff "confronted" the security officer. There is no plausible interpretation of the allegations that could lead a reasonable person to conclude that the act of calling police constitutes a

20

substantial factor in Plaintiff's injuries purportedly *caused by the police officer with no allegation of aid or assistance by Defendant's security guard*. If that were not the case, then presumably, any citizen turning to police for assistance could then be held liable for a police officer's unlawful use of force, unlawful detention, etc.

Even when construing the New Complaint liberally, Plaintiff fails to provide for any allegation suggesting that Defendant's acts or omissions were the legal cause of Plaintiff's purported injuries, and again, Plaintiff's negligence and premises liability claims must be dismissed.

### 2. Plaintiff's Claim Pertaining to HRS § 663-1.6 Must be Dismissed.

HRS § 663-1.6, Duty to assist, provides:

> (a) Any person **at the scene of a crime** who knows that a victim of the crime is suffering from serious physical harm shall obtain or attempt to obtain aid from law enforcement or medical personnel if the person can do so without danger or peril to any person. Any person who violates this subsection is guilty of a petty misdemeanor.
>
> …
>
> (c) **Any person who fails to provide reasonable assistance in compliance with subsection (a) shall not be liable for any civil damages**.

(Emphasis added). As explained to Plaintiff in Judge Trader's Complaint F & R,

"A civil complaint cannot be used to state a claim for the violation of a criminal

statute."[47] Moreover, HRS § 663-1.6(c) expressly provides (with the relevant provision even set out in the New Complaint) that a person in violation of the statute "shall not be liable for any civil damages." Also, the New Complaint specifically alleges: "[T]here was no resort security[,] no managers[,] or any resort rep[resentative] present" while Plaintiff was purportedly being assaulted by officers.[48] In other words, as alleged, Defendant's security personnel were not "at the scene of the crime" and HRS § 663.1-6 has no applicability.

To the extent that Plaintiff's New Complaint attempts to assert a cause of action pertaining to a purported breach of HRS § 663-1.6, such cause of action must be dismissed for failure to state a claim upon which relief can be granted.

### 3. Plaintiff's Claim Pertaining to HRS § 852-1 Must be Dismissed.

HRS § 852-1, Refusal to provide ingress or egress, provides:

> (a) Whenever ingress to or egress from any public or private place is obstructed by any person or persons in such manner as not to leave a free passageway for persons and vehicles lawfully seeking to enter or leave such place, any law enforcement officer shall direct such person or persons to move so as to provide and maintain a free and unobstructed passageway for persons and vehicles lawfully going into or out of such place. It shall be unlawful for any person to refuse or willfully fail to move as directed by such officer.

> (b) As used in this section, "law enforcement officer" means any public servant, whether employed by the State or county, vested by law with a duty to maintain public order, to make arrests for offenses,

---

[47] *See* **Ex. 4**, at 4; *see also*, *Aldabe v, Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Levai v. Law*, 235 Fed. Appx. 684, 2007 WL 2468870, at *1 (9th Cir. 2007).

[48] *See* **Ex. 1**, at 2.

or to enforce the criminal laws, whether the duty extends to all offenses or is limited to a specific class of offenses.

HRS § 852-2 further provides: "Any person who refuses or willfully fails to move as directed by such officer shall be fined not more than $200 or imprisoned not more than six months, or both." Again, "A civil complaint cannot be used to state a claim for the violation of a criminal statute."[49] But even if that was not the case, the statute has no applicability here where the prohibited conduct is "refus[ing] or willfully fail[ing] to move as directed" by a law enforcement officer, and Plaintiff does not allege that police directed any of Defendant's security personnel to make way for Plaintiff's access to the beach, or that the security personnel refused such a request.

To the extent that Plaintiff's reference to HRS § 852-2 purports to assert a cause of action based on breach of the statute, such cause of action must be dismissed for failure to state a claim upon which relief can be granted.

## V.    **CONCLUSION**

For the reasons addressed herein, Defendant respectfully requests that Plaintiff's New Complaint be dismissed for violation of the order dismissing the Original Action without leave to amend, for lack of subject matter jurisdiction,

---

[49] *See* **Ex. 4**, at 4; *see also*, *Aldabe v, Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Levai v. Law*, 235 Fed.Appx. 684, 2007 WL 2468870, at *1 (9th Cir. 2007).

and/or failure to state a claim upon which relief can be granted, and that Plaintiff's claims be dismissed without leave to amend.

DATED:  Honolulu, Hawaii, June 24, 2021.

*/s/ Robert J. Brown*
ANDREW J. LAUTENBACH
ROBERT J. BROWN

Attorneys for Defendant
KOHANAIKI COMMUNITY
ASSOCIATION

24