FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
04 August 2021 8:39 AM lrs
Michelle Rynne, Clerk of Court

Noe Raquinio
P.O. Box 383444
Waikoloa, Hi 96738
808-765-5157

UNITED STATES FEDERAL DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| Noe Raquinio | ) | CIVIL CASE NO. 1-21-cv-00255-LEK-WRP |
| Plaintiff, | ) | PREMISES LIABILITY MEMORANDUM OF |
| | ) | LAW SUPPORTING PLAINTIFFS CLAIM |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| KOHANAIKI COMMUNITY | ) | |
| RESORT | ) | |
| Defendant, | ) | |

## PREMISES LIABILITY MEMORANDUM OF LAW SUPPORTING PLAINTIFFS CLAIM

MAY IT PLEASE THE COURT,

I plaintiff COME NOW SUPPORTING CIVIL RIGHTS CLAIM TURN TO GUIDENCE OF PREMISES LIABILITY AND NEGLIGENT, In the topic premises liability we can look at Pickard vs Honolulu as a similar case to this case before this court which sited a "reasonable care of standard that included trespasser", but more specifically citing Knodle vs Waikiki Gateway Hotel imposing a duty to protect against third party criminal conduct on the premises VHL REV. 231 (1989). This case is Almost identical to previously cited, where I am a party, the negligent security guard would be the second party, and the third party would be the off duty police officer who the negligent security called. Being that the officer was off duty confirms the officer

actions were naturally pure criminal in nature which creates during that time a civil duty to protect a person from such acts cited in Knodle vs Waikiki Hotel Inc. With that being said holds the defendants liable to the party that occurred any damages that arouse from sept. 26 2020. Based on the legal citations which allows the plaintiff to prevail in recovering all monetary compensation as a form of relief for the violations that occurred on the defendants property which is well established through-out this case.

PRAY FOR RELLIEF

Plaintiff seeks monetary compensation for all forms of available relief supported by Points and Authority's on Medical Bills and Damages. SEE FOLLOWING PAGES,

## Medical Bills

1. A) **Standard.** A plaintiff must show that the medical services obtained were "necessary and the charges were reasonable" for the injuries sustained. *Bynum v. Magno*, 106 Haw. 81, 86-87, 101 P.3d 1149, 1154-55 (2004).
2. B) **Reasonable value.** Plaintiff can recover the "reasonable value" of medical services regardless of the actual expenditures made or obligations incurred. *Bynum*, 106 Haw. at 87, 101 P.3d at 1155.

The collateral source rule (*see above*) prevents the reduction of damages to the discounted amount actually paid. *Bynum*, 106 Haw. at 89, 101 P.3d at 1157.

Medical bills are admissible to show the reasonable value of a plaintiff's medical services. *Bynum*, 106 Haw. at 89, 101 P.3d at 1157.

## DAMAGES

Hawaii has a single, narrowly tailored cap on damages for pain and suffering in personal injury cases. Pain and suffering awards are limited to $375,000. HAW. REV. STAT. § 663-8.7 (1993); HAW. REV. STAT. § 663-8.5(b) (1993). This limitation does not apply in cases involving: intentional torts; torts relating to environmental pollution; toxic and asbestos-related torts; torts relating to aircraft accidents; strict and products liability torts; and torts relating to certain motor vehicle accidents. HAW. REV. STAT. §§ 663-8.7, -10.9(2) (1993).

### Calculation of Damages

1. A) In Hawaii, pursuant to HAW. REV. STAT. § 663-8.5(a) (1993), a plaintiff bringing a cause of action for personal injuries may recover for various damages including:

    1) Pain and suffering;
    2) Mental anguish;
    3) Disfigurement;
    4) Loss of enjoyment of life;
    5) Loss of consortium; and
    6) All other nonpecuniary losses or claims.

2. B) **Economic and noneconomic damages.** Generally, personal injury damages may be categorized as either economic or noneconomic. Economic damages, known as special damages, include losses such as medical and hospital expenses that can be estimated and monetarily compensated. *See Kienker v. Bauer*, 110 Haw. 97, 100 n.4, 129 P.3d 1125, 1128 n.4 (2006). Noneconomic damages, known as general damages, include pain and suffering and "cannot be measured definitively in monetary terms." *Dunbar v. Thompson*, 79 Haw. 306, 315, 901 P.2d 1285, 1294 (App. 1995). They include damages for pain and

suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of consortium, etc. HAW. REV. STAT. § 663-8.5(a) (1993).

**Available Items of Personal Injury Damages**

**A) Past medical bills.** A plaintiff may recover damages from past medical bills. Hawaii courts allow a plaintiff injured by the tortious conduct of a defendant to recover the reasonable value of medical services. *See Bynum v. Magno*, 106 Haw. 81, 92, 101 P.3d 1149, 1160 (2004). This amount is not limited to the expenditures actually paid by insurance companies or programs such as Medicaid/Medicare. *Id.* In actions to recover medical expenses caused by a defendant's negligence, a plaintiff must show that the

27

medical services obtained for any injuries sustained were necessary and that the charges were reasonable. *Id.* at 86-87, 101 P.3d at 1154-55.

2. **B) Future medical bills.** Future medical bills are considered economic damages and are recoverable under Hawaii law. *See Kometani v. Heath*, 50 Haw. 89, 95, 431 P.2d 931, 936 (1967) (affirming that it was proper for the jury to consider the "reasonable value" of future medical expenses).
3. **C) Hedonic damages.** A plaintiff may recover for hedonic damages in tort cases. *See* HAW. REV. STAT. § 663-8.5 (1993). The Hawaii Supreme Court defines hedonic damages as monetary awards intended to compensate "for the loss of enjoyment of life, or for the value of life itself, as measured separately from the economic productive value that an injured or deceased person would have had." *Montalvo v. Lapez*, 77 Haw. 282, 284 n.2, 884 P.2d 345, 347 n.2 (1994) (quoting BLACK'S LAW DICTIONARY 391 (6th ed. 1990)).
4. **D) Increased risk of harm.** No Hawaii appellate court opinion or statute clearly addresses this issue.
5. **E) Disfigurement.** A plaintiff may recover for disfigurement under Hawaii law. HAW. REV. STAT. § 663-8.5(a) (1993).
6. **F) Loss of normal life.** No Hawaii appellate court opinion or statute clearly addresses this issue.
7. **G) Disability.** Hawaii law allows recovery for damages where an injured plaintiff suffers disability as a result of a defendant's actions. *See, e.g., Bachran v. Morishige*, 52 Haw. 61, 65, 469 P.2d 808, 811 (1970).
8. **H) Past pain and suffering.** Past pain and suffering is considered a recoverable damage if there is sufficient evidence to prove a physical injury. *See Bachran*, 52 Haw. at 68, 469 P.2d at 813.
9. **I) Future pain and suffering.** Hawaii law requires that damages for future pain and suffering be awarded only when reasonably probable. Expert testimony is necessary to show future pain and suffering where an injury is subjective in nature. *See Larsen v. Pacesetter Systems, Inc.*, 74 Haw. 1, 44-47, 837 P.2d 1273, 1294-96 (1992). Subjective injuries differ from objective injuries in that the latter manifests physically, in a form observable to others. *See id.* Laypeople cannot infer with reasonable certainty future pain and suffering resulting from subjective injuries. *Id.*

10. J) **Loss of society.** Loss of society is a recoverable damage under Hawaii's wrongful death statute. HAW. REV. STAT. § 663-3 (1993).
11. K) **Lost income, wages, earnings.** A plaintiff may recover for loss or impairment of earning capacity and future earnings. HAW. REV. STAT. § 663-8.3(a) (1993). The effect of probable taxes must be considered when calculating awards of future earnings. *Id.*

28

## Mitigation

1. A) A plaintiff has a duty to mitigate, or minimize, his or her damages under contract and tort law. *See Tabieros v. Clark Equip. Co.*, 85 Haw. 336, 373, 944 P.2d 1279, 1316 (1997) (citing *Malani v. Clapp*, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975)).
2. B) **Treatment.** An injured plaintiff must obtain reasonable treatment and follow the advice of a competent physician in order to mitigate damages. *Tabieros*, 85 Haw. at 373, 944 P.2d at 1316 (citation omitted). An injured plaintiff will not be awarded damages that could have been prevented had he or she submitted to reasonable treatment to improve his or her condition. *Id.* This includes injuries that are aggravated by a plaintiff's refusal to follow the directions of his or her competent physician. *Id.*
3. C) **Factors.** Several factors are considered when courts decide whether an injured plaintiff has met his or her duty to mitigate. For example, the mere fact that a plaintiff's scar may have been reduced in size by plastic surgery was not sufficient to hold that a plaintiff acted unreasonably in not undergoing the surgery. *See Franco v. Fujimoto*, 47 Haw. 408, 427-29, 390 P.2d 740, 751-53 (1964), *overruled in part on other grounds by Barretto v. Akau*, 51 Haw. 461, 463 P.2d 917, 293-94 (1969). Factors including cost of the operation, resulting inconvenience, and recommendation by a medical expert are considered in such an analysis. *Id.*
4. D) **Burden.** The burden of proving that mitigation is possible and that the injured plaintiff failed to take reasonable steps to mitigate his or her damages rests upon the defendant. *Tabieros*, 85 Haw. at 373, 944 P.2d at 1316.

## Punitive Damages

1. A) **Purpose.** Punitive damages are generally defined as damages awarded "for the purpose of punishing the defendant for aggravated or outrageous misconduct" and as a deterrence measure against future, similar conduct. *Masaki v. Gen. Motors Corp.*, 71 Haw. 1, 6, 780 P.2d 566, 570 (1989).
2. B) **Standard.** To recover punitive damages, with clear and convincing evidence, an injured plaintiff must prove that the defendant has acted: (1) "wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations;" (2) in willful misconduct; or (3) with a "conscious indifference to consequences." *Masaki*, 71 Haw. at 16-17, 780 P.2d at 575.
3. C) **Mental state.** When determining whether an award of punitive damages is appropriate, the primary consideration is the defendant's mental state. *Masaki*, 71 Haw. at 7, 780 P.2d at 570-71. The nature of a defendant's conduct is a secondary consideration. *Id.* An award of punitive damages always requires a "positive element of conscious

wrongdoing." *Id.* (citing MCCORMICK, HANDBOOK ON THE LAW OF DAMAGES § 77, at 280 (1935)).

4. D) **Punitive Damages Against a Corporation.** Furthermore, under Hawaii law, punitive damages may be recovered against a corporate defendant only if the corporation, through

29

an officer, expressly or impliedly authorized or ratified its agent's tortious act. *Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir. 1988); *Jenkins v. Whittaker Corp.*, 551 F.Supp. 110, 112 (D. Haw. 1982); *Baldwin v. Hilo Tribune-Herald, Ltd.*, 32 Haw. 87, 106-09 (1931); *Chin Kee v. Kaeleku Sugar Co., Ltd.*, 29 Haw. 524, 537 (1926). Any such authorization or ratification must come from "officers or any other person actually wielding the executive power of the corporation." *Kealoha v. Halawa Plantation Ltd.*, 24 Haw. 579, 588 (1918), *quoted* in *Chin Kee*, 29 Haw. at 537.

**Recovery of Pre- and Post-Judgment Interest**

1. A) **Prejudgment interest.** Prejudgment interest is governed by HAW. REV. STAT. § 636-16 (2008). Prejudgment interest compensates a prevailing party for the injustice of a long delay in judgment for any reason, including inevitable litigation delays. *See Metcalf v. Voluntary Employees' Ben. Ass'n of Haw.*, 99 Haw. 53, 61, 52 P.3d 823, 831 (2002). It is compensatory in nature and courts are allowed to designate the date on which the interest may commence. *Id.*; *see also Roxas v. Marcos*, 89 Haw. 91, 153, 969 P.2d 1209, 1271 (1998). Prejudgment interest is wholly separate from punitive damage awards. *Calleon v. Miyagi*, 76 Haw. 310, 321-22, 876 P.2d 1278, 1289-90 (1994).
2. B) **Post-judgment interest.** Post-judgment interest, like prejudgment interest, is governed by HAW. REV. STAT. § 636-16 (2008). It should be granted from the date judgment was entered in any civil suit. *Richards v. Kailua Auto Mach. Service, Inc.*, 10 Haw. App. 613, 624-25, 880 P.2d 1233, 1239 (1994). In a case involving the State, the post-judgment interest award began to accrue upon the final judgment on appeal, not the date on which the circuit court entered its judgment. *Taylor-Rice v. State*, 105 Haw. 104, 112, 94 P.3d 659, 667 (2004).
3. C) **Limits.** Both prejudgment and post-judgment interest awards are limited to ten percent per year. HAW. REV. STAT. § 478-3. It may be awarded no earlier than the date when the injury first occurred in tort or the date when the breach first occurred in contract. HAW. REV. STAT. § 636-16 (2008).

**Recovery of Attorneys' Fees**

1. A) Costs and fees are governed, in part, by Chapter 607 of the Hawaii Revised Statutes.
2. B) The losing party to an action may be obligated to pay the prevailing party's attorneys' fees where required by statute, stipulation, or agreement, and only reasonable attorneys' fees will be allowed. *See, e.g., Ranger Ins. Co. v. Hinshaw*, 103 Haw. 26, 31, 79 P.3d 119, 124 (2003).

3. C) **Burden.** A party seeking attorneys' fees bears the burden of showing that the fees are reasonable and that they were reasonably and necessarily incurred. *See Smothers v. Renander*, 2 Haw. App. 400, 408-9, 633 P.2d 556, 563 (1981).
4. D) **Specific grounds.** The trial court had discretion in determining reasonableness of attorneys' fees, but generally, judges must specify the grounds upon which attorneys' fees

30

are awarded. *See Porter v. Hu*, 116 Haw. 42, 67, 169 P.3d 994, 1019 (App. 2007). The grant or denial of attorneys' fees is reviewed under the abuse of discretion standard. *See, e.g., Maui Tomorrow v. State, Bd. of Land & Nat'l Res.*, 110 Haw. 234, 242, 131 P.3d 517, 525 (2006).

5. E) **Reasonable fee.** In Hawaii, there is a strong presumption that the lodestar amount—the number of hours counsel spent on a case multiplied by counsel's hourly rate—represents the reasonable fee for an attorney. *See Schefke v. Reliable Collection Agency, Ltd.*, 96 Haw. 408, 444 n.17, 32 P.3d 52, 87 n.17 (2001). Trial judges are considered experts, however, and the amount of attorneys' fees awarded is within the discretion of the court. *See Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Haw. 286, 306, 141 P.3d 459, 479 (2006).
6. F) **Assumpsit actions.** Attorneys' fees shall be paid by the losing party in all actions in the nature of assumpsit, on a promissory note or other written contract that provides for attorneys' fees, provided that the court determines the fees to be reasonable and the fees do not exceed 25% of the judgment. HAW. REV. STAT. § 607-14. However, attorneys' fees shall not be limited to 25% of the judgment in debt recovery actions or enforcement of governing documents by community associations, or the foreclosure of a lien. *Id.*
7. G) **Frivolous claims.** The court may assess attorneys' fees and costs against a party, whether or not the party was a prevailing party, if it determines that all or a portion of the party's claims or defenses were frivolous and not reasonably supported by the facts and the law. HAW. REV. STAT. § 607-14.5.

### Settlements Involving Minors

Court approval is required to secure a settlement involving minors. *See Leslie v. Estate of Tavares*, 91 Haw. 394, 401-03, 984 P.2d 1220, 1227-29 (1999). Judges must scrutinize settlement agreements to ensure appropriateness, fairness, and enforceability. *See In re Doe*, 90 Haw. 200, 211, 978 P.2d 166, 177 (App. 1999); *see also Leslie*, 91 Haw. at 401-03, 984 P.2d 1227-29. The courts have a duty to insure the continuing well-being of minors whenever the minor is a party to litigation, or when the minor is involved in "a proceeding directly relating to his well-being." *Blackshear v. Blackshear*, 52 Haw. 480, 482, 478 P.2d 852, 854 (1971).

### Taxation of Costs

HAW. REV. STAT. § 607-9 (1993) governs taxation of costs. A presumption exists that a prevailing party may be awarded its costs; the burden of showing that particular cost requests are unreasonable rests upon the opposing party. *See Wong v. Takeuchi*, 88 Haw. 46, 53, 961 P.2d

611, 618 (1998); *see also* HAW. R. CIV. P. 54(d). Costs eligible for taxation include, but are not limited to, "intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court." HAW. REV. STAT. § 607-9 (1993). Courts may consider "the equities of the situation" when determining whether and what costs should be taxed. *Id.*

31

**Unique Damages Issues**

1. A) Awarding both treble and punitive damages for the same act is considered improper double recovery; a plaintiff may receive treble damages or punitive damages, whichever is greater. *Han v. Yang*, 84 Haw. 162, 177, 931 P.2d 604, 619 (App. 1997).
2. B) Hawaii allows plaintiffs to file suit for emotional distress damages arising from property damage, but only in instances where the emotional distress results in physical injury or mental illness of the person whose property is damaged or destroyed. HAW. REV. STAT. § 663-8.9 (1993).
3. C) Loss-of-use damages are awarded in order "to provide reasonable compensation for inconvenience or monetary loss suffered during the time required for repair of damaged property." *Fukida v. Hon/Haw. Serv. & Repair*, 97 Haw. 38, 44-45, 33 P.3d 204, 210-11 (2001). Such recovery is generally limited to "the period of time reasonably necessary to obtain a replacement." *Id.*

**This Compendium outline contains a brief overview of certain laws concerning various litigation and legal topics. The compendium provides a simple synopsis of current law and is not intended to explore lengthy analysis of legal issues. This compendium is provided for general information and educational purposes only. It does not solicit, establish, or continue an attorney-client relationship with any attorney or law firm identified as an author, editor, or contributor. The contents should not be construed as legal advice or opinion. While every effort has been made to be accurate, the contents should not be relied upon in any specific factual situation. These materials are not intended to provide legal advice or to cover all laws or regulations that may be applicable to a specific factual situation. If you have matters or questions to be resolved for which legal advice may be indicated, you are encouraged to contact a lawyer authorized to practice law in the state for which you are investigating and/or seeking legal advice.**

32

8/04/2021

SIGN: _[signature]_

Noe Raquinio

P.o.Box 383444

Waikoloa, Hi 96738

808-765-5157

## CERTIFICATE OF SERVICE

I, Noe Kim Raquinio, hereby certify that I am PRO SE (Noe Kim Raquinio) and am of such age and discretion as to be competent to serve papers.

I further certify that on this date I caused a copy of the Motion to be placed in a postage-paid envelope addressed to the defendant(s), at the address(es) stated below, which is (are) the last known address(es) of said defendant(s), and deposited said envelope(s) in the United States mail.

DATE 8/4/2021                SIGN _____
                             Noe Raquinio
                             P.O. BOX 38444
                             Waikoloa, Hi 96738
                             808-765-5157