UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO,<br><br>        Plaintiff,<br><br>  vs.<br><br>KOHANAIKI COMMUNITY ASSOCIATION, ERRONEOUSLY SUED AS KOHANAIKI RESORT;<br><br>        Defendant. | CIV. NO. 21-00255 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED JUNE 1, 2021**

      Before the Court is Defendant Kohanaiki Community Association's[1] ("Defendant") Motion to Dismiss Complaint Filed June 1, 2021 ("Motion"), filed June 24, 2021. [Dkt. no. 13.] Pro se Plaintiff Noe Raquinio ("Plaintiff") filed his "Plaintiff Affidavit Opposition Defendants Motion to Dismiss" on June 25, 2021 ("6/25/21 Affidavit") and his "Motion to Strike Defendants Motion to Dismiss" on June 26, 2021 ("6/26/21 Filing").[2] [Dkt. nos. 14, 15.] Defendant filed its reply on July 6, 2021. [Dkt. no. 17.] Plaintiff filed his "Plaintiff Unrequested Response in Opposition to Defendants Second Motion to Dismiss" on July 7,

---

    [1] Kohanaikai Community Association was erroneously sued as Kohanaiki Resort and Koanaiki Resort.

    [2] The 6/25/21 Filing and the 6/26/21 Filing have been construed collectively as Plaintiff's memorandum in opposition to the Motion. [Minute Order, filed 6/29/21 (dkt. no. 16).]

2021 ("7/7/21 Filing"), and his "Plaintiff Response in Opposition to Defendants Motion to Dismiss" on July 14, 2021 ("7/14/21 Opposition"). [Dkt. nos. 19, 23.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendant's Motion is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Plaintiff is proceeding pro se, and therefore his pleadings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). On December 9, 2020, Plaintiff filed a complaint against Defendant, David Reese, and Koanaiki Realty for injuries he allegedly sustained when he was arrested on Defendant's property on September 26, 2020. [Raquino v. Koanaiki Resort, et al., CV 20-00540 ACK-RT ("CV 20-540"), Complaint for a Civil Case (dkt. no. 1).] He filed amended complaints on December 28, 2020, and March 12, 2021. [Id., dkt. nos. 5, 15.] On May 14, 2021, the magistrate judge issued his Findings and Recommendation to Dismiss First Amended Complaint and Order Denying Plaintiff's Application to Proceed In Forma Pauperis ("5/14/21 F&R").[3] [Id.,

---

[3] The 5/14/21 F&R is available at 2021 WL 2232166.

dkt. no. 21.] The 5/14/21 F&R recommended that the March 12, 2021 complaint be dismissed without leave to amend, and that the case be dismissed without prejudice for lack of subject matter jurisdiction. [Id., 5/14/21 F&R at 9.] The 5/14/21 F&R was adopted in an order issued on June 2, 2021,[4] and judgment was issued that same day. [Id., dkt. nos. 22, 23.]

On June 1, 2021, Plaintiff filed his "Complaint Premises Liability [Resort Security] Negligence 42-USC-1983 Civil Action for Deprivation of Rights Demand for Jury Trial" ("Complaint") in the instant case. [Dkt. no. 1 (brackets in original).] He alleges that, on September 26, 2020, he approached and confronted Defendant's security guard when attempting to pass through Defendant's closed property to reach a county beach. As the confrontation escalated, both Plaintiff and the security guard called 911, and Plaintiff continued his journey to the beach. Shortly thereafter, Plaintiff was stopped by the police and his shoulder and spine were injured during his arrest.[5] [Id. at PageID #: 2.] He alleges jurisdiction is

---

[4] The order adopting the 5/14/21 F&R is available at 2021 WL 2229044.

[5] Plaintiff filed a separate lawsuit against the County of Hawaii, the Hawaii Police Department, and unknown officers, arising from the same incident on September 26, 2020, [Raquino v. County of Hawaii, et al., CV 20-00441 DKW-KJM, Complaint for Violation of Civil Rights, filed 10/14/20 (dkt. no. 1),] which was dismissed with prejudice pursuant to a stipulation signed by
(. . . continued)

3

proper pursuant to 42 U.S.C. § 1983, [id. at PageID #: 3,] and that Defendant violated: 1) Haw. Rev. Stat. § 520-4, which limits liability for landowners who allow people to access their property for recreational purposes, and Haw. Rev. Stat. § 520-5, which provides for exceptions to those limitations on liability; [id. at PageID #: 3-4;] 2) the common law duty of care, as it relates to "the principle that directors and officers of a corporation in making all decisions in their capacities as corporate fiduciaries, must act in the same manner as a reasonably prudent person in their position would," subject to the business judgment rule; [id. at PageID #: 4;] 3) Haw. Rev. Stat. § 663-1.6, which makes failure to obtain or attempt to obtain law enforcement assistance for the victim of a crime a petty misdemeanor; [id. at PageID #: 5;] and 4) Haw. Rev. Stat. § 852-1, a criminal statute which requires a person to comply with a direction from law enforcement to cease obstructing ingress or egress to a public or private place when that person is blocking the passageway to that public or private place, [id.]. Plaintiff argues that, even as a trespasser on Defendant's property, he was owed a duty of reasonable care. As he explains,

---

the district judge on May 5, 2021, [id., Stipulation for Dismissal of All Claims and Parties with Prejudice and Order, filed 5/5/21 (dkt. no. 77)].

> owner owe reasonable care standard [trespass included]n and also Knodel v. Waikiki gateway Hotel, Inc, Imposing a duty protect against third parties criminal conduct on the premises. II VH L. Rev 231 [1981] holding the liable party for the damages for example, You're at home with family and your armed with DIY ar15 which stay within the home, its late you here somebody at your front door with knife, you instantly panic grab your gun and shoot threw the door hitting the person trying to break in . Then 1 year down the road the guy you shot is suing you for damages because he was drunk and thought it was his house when he actually live same exact house but on the next street over what his stories saying then he wins and you have to pay his injuries because the law in Hawaii allows you to use deadly force once an attacker passes the threshold of you home or dwelling and being that the man who got shot was outside the dwelling but on the property which both laws correlate with each other which proves that Koanaiki Is THE LIABLE PARTY FOR COMPENSATING Noe Raquinioi for the injuries he sustained on the resort property without any resort security or employee or supervising manager present since 9:15 am.

[6/26/21 Filing at 2-3 (brackets and emphasis in original).] The allegations and arguments in all of Plaintiff's filings are collectively construed as a claim for premises liability brought pursuant to § 1983. See Complaint at PageID #: 2 (arguing the absence of Defendant's personnel at the time he was arrested by the police "is negligence act depriving a innocent man common rights under Premises Liability law"). He seeks monetary relief in the amount of $525,500, and reasonable attorney's fees and costs. [Id. at PageID #: 6.]

In the Motion, Defendant argues this case should be dismissed without leave to amend because the operative complaint in CV 20-540 was dismissed without leave to amend, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

## DISCUSSION

**I.   Section 1983**

Plaintiff asserts federal question jurisdiction exists in this case because of his § 1983 claim. "To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). "While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)). "'The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?'" Sutton v. Providence St. Joseph Med. Ctr.,

6

192 F.3d 826, 835 (9th Cir. 1999) (alteration in Sutton) (some citations omitted) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)).  The satisfaction of one of four tests is sufficient to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."  Kirtley, 326 F.3d at 1092 (some citations omitted) (quoting Sutton, 192 F.3d at 835-36).

    A.    **Public Function**

> Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."  Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966).  To satisfy the public function test, the function at issue must be both traditionally and exclusively governmental.  Rendell-Baker v. Kohn, 457 U.S. 830, 842, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002).  Defendant's action as asserted by Plaintiff, that is, not having personnel present as he was arrested by police on Defendant's property, is not traditionally and exclusively governmental public function.  Accord Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1038 (D. Hawai`i 2006) ("Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983." (quoting Josey v. Filene's, Inc., 187 F. Supp. 2d 9, 16 (D.

Conn. 2002)), *aff'd*, 262 F. App'x 786 (9th Cir. 2007). Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). Plaintiff has thus failed to plead sufficient facts under the public function test because he has not plead any facts to suggest Defendant was engaged in a public function such as to make it an agency or instrumentality of the government.

    B.    **Joint Action**

"The joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1140 (9th Cir. 2012) (citation and internal quotation marks omitted). "However, merely complaining to the police or the police standing by to keep the peace do not amount to joint action." Perez-Morciglio v. Las Vegas Metro. Police Dep't, 820 F. Supp. 2d 1100, 1108 (D. Nev. 2011) (some citations omitted) (citing Peng v. Mei Chin Penghu, 335 F.3d 970, 980 (9th Cir. 2003)). Plaintiff has not alleged any facts to suggest Defendant acted in concert with the

8

police beyond merely calling the police, which Plaintiff also did.  Thus, he has failed to satisfy the joint action test.

### C. Compulsion or Coercion

"The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action. Kirtley, 326 F.3d at 1094 (citation omitted).  Plaintiff has not alleged any government influence over Defendant, let alone coercive influence.  Therefore, he has failed to plead sufficient facts to satisfy the compulsion or coercion test.

### D. Governmental Nexus

"Arguably the most vague of the four approaches, the nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" Id. at 1094-95 (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924 (2001)). Plaintiff has not alleged any facts to suggest the existence of a close nexus between Defendant and the government such that the absence of Defendant's employees as Plaintiff was arrested can be fairly treated as an action of the state itself.  Therefore, he has failed to plead sufficient facts to satisfy the governmental nexus test.

In sum, Plaintiff has failed to state a § 1983 claim because he has failed to plead sufficient facts to satisfy any of the four tests.  Also, without Plaintiff's § 1983 claim, Plaintiff has failed to plead any claims or facts to suggest this Court has subject matter jurisdiction over this case.  See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." (citation omitted))  Therefore, Defendant's Motion is granted to the extent the Complaint is dismissed.

Finally, although Plaintiff's Complaint is liberally construed, because it is predicated on premises liability,

> § 1983 offers him no recourse.  See Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) (violations of state law alone do not support a claim of liability under § 1983); Alexandre v. Phibbs, 116 F.3d 482 (9th Cir. 1997) (unpub.) (section 1983 claims may not be predicated upon the violation of criminal statutes); see also Buckheit v. Dennis, 713 F. Supp. 2d 910, 919 (N.D. Cal. 2010) (citing Doe v. Connecticut Dept. Of Child & Youth Services, 911 F.2d 868, 869 (2nd Cir. 1990) ("A violation of state law neither gives plaintiffs a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.")); Ward v. City of Barstow, et al., 2017 WL 4877389, at *16 (C.D. Cal. June 23, 2017) (finding alleged violation of the California Penal Code "cannot form the basis of a federal claim under § 1983" as a matter of law), *report and recommendation adopted sub nom.* Ward v. City of Barstow, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017).

See <u>Chatman v. Super 8 Motel, Oceanside</u>, Case No. 3:17-cv-02517-DMS-JMA, 2018 WL 934638, at *5 (S.D. Cal. Feb. 15, 2018). Therefore, Plaintiff's state law claim of premises liability cannot support his § 1983 jurisdictional claim.  For this reason also, Plaintiff has failed to state a claim upon which relief can be granted.

**II.   Summary and Leave to Amend**

The Motion is granted to the extent it seeks dismissal of the complaint.  However, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect and that opportunities to amend are particularly important for the pro se litigant." <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142 (9th Cir. 2017) (brackets, emphasis, citation, and internal quotation marks omitted).  Because it is arguably possible for Plaintiff to amend his Complaint to cure the identified defects, the dismissal must be without prejudice. See <u>Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.</u>, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).  Therefore the Motion is denied to the extent it seeks dismissal without leave to amend.

11

Plaintiff is granted to leave to file an amended complaint by **September 13, 2021.** Plaintiff does not have leave to add any new parties or claims. If Plaintiff wishes to add new parties or claims, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2), if necessary. The amended complaint must include all of the factual allegations that Plaintiff's claims are based upon, even if they were previously presented in the original Complaint, and it must cure the defects identified above. The amended complaint cannot incorporate any part of the original Complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if he fails to file his amended complaint by **September 13, 2021,** the Complaint will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Complaint Filed June 1, 2021 [Dkt. 1], filed June 24, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent that the Complaint is dismissed, and it is DENIED to the extent that the dismissal is WITH LEAVE TO AMEND.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 12, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

NOE RAQUINIO VS. KOHANAIKI COMMUNITY ASSOCIATION; CV 21-00255 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED JUNE 1, 2021