IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE RAQUINIO, | CIVIL NO. 21-00255 LEK-WRP |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | |
| KOHANAIKI COMMUNITY ASSOCIATION; HPD OFFICER CRAIG DERASIN, | |
| Defendants. | |

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ........................................................................................1

II.  RELEVANT BACKGROUND.............................................................5

    A.  The County Action Arose from the Same Facts and Circumstances as Alleged in the Second Amended Complaint, and Plaintiff Released All Claims Against Officer Derasin. ....................................................5

    B.  The Original Action Was Dismissed Without Leave to Amend. ...................7

        1.  Plaintiff's Complaint in the Original Action Was Dismissed with Leave to Amend. .......................................................................8

        2.  Plaintiff's First Amended Complaint in the Original Action Failed to Cure the Jurisdictional Defect, and Plaintiff's Claims Were Therefore Dismissed Without Leave to Amend, and Judgment Was Entered Against Plaintiff. .......................................................................9

    C.  The Instant Action Is Based on the Same Facts and Circumstances as Both the County Action and the Original Action. .................................................10

    D.  The Court Dismissed Plaintiff's Complaint with Leave to Amend. .............11

    E.  Plaintiff Is Permitted to Add Officer Derasin as a Co-Defendant, and to Bring Claims Against Officer Derasin for Excessive Force and State Law Negligence...........................................................................................12

    F.  Plaintiff's Second Amended Complaint Alleges the Same Facts and Circumstances that Have Been Repeatedly Alleged and Rejected. ...............13

III.  LEGAL STANDARD.............................................................................15

    A.  Lack of Subject Matter Jurisdiction. .............................................................15

    B.  Failure to State a Claim Upon Which Relief Can be Granted.......................15

IV.  ARGUMENT ..........................................................................................17

    A.  Even If *Arguendo* Plaintiff's Second Amended Complaint Establishes Jurisdiction as to Claims Against Officer Derasin, Plaintiff Has Released All Claims He Could Have Brought Against Officer Derasin, and Plaintiff Is Therefore Barred from Pursing His Federal Claims.....................................17

B. The Second Amended Complaint Does Not Allege Any Facts Suggesting that Defendant Engaged in Conduct That Could Be Construed as 'State Action'..................................................................................................... 18

C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Negligence Claim........................................................... 19

D. Even If *Arguendo* Plaintiff Was Able to Establish Subject Matter Jurisdiction, Plaintiff Has Nonetheless Failed to State a Claim Upon Which Relief Can Be Granted. ..................................................................................... 21

   1. Plaintiff's Negligence Claim Fails to State a Claim Upon Which Relief Can Be Granted. ..................................................................................... 21

   2. Plaintiff's Remaining Claims Likewise Fail to State a Claim Upon Which Relief Can Be Granted. .............................................................. 23

V. CONCLUSION ..................................................................................................24

## TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................. 16, 21

*Baez v. JetBlue Airways*,
   745 F. Supp. 2d 214 (E.D.N.Y. 2010)....................................................22

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ..............................................................16

*Baylis v. Marriott Corp.*,
   843 F.2d 658 (2nd Cir. 1988) ..............................................................20

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................... 16, 21

*Betts v. Shearman*,
   751 F.3d 78 (2nd Cir. 2014) ...............................................................22

*Brown v. Porter McGuire Kiakona & Chow, LLP*,
   No. CV16-00448 LEM-KJM, 2017 WL 3763843 (D. Haw. Aug. 30, 2017)........3

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343, 108 S.Ct. 614 (1988) ............................................... 4, 20

*Estelle v. Gamble*,
   429 U.S. 97, 50 L. Ed. 2d 251 (1976) ...................................................16

*Gamble v. PinnOak Res., LLC*,
   511 F. Supp. 2d 1111 (N.D. Ala. 2007) .......................................... 2, 15

*Haake v. Safeway*,
   819 F. Supp. 2d 1132 (D. Haw. 2011) ...................................................23

*Hollard v. City of Houston*,
   41 F. Supp. 2d 678 (S.D. Tex. 1999)....................................................24

*HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*,
   No. C-04-03615 RMW, 2005 WL 2216950 (N.D. Cal. July 25, 2005).......... 2, 17

*Kedra v. City of Philadelphia*,
   454 F. Supp. 652 (E.D. Pa. 1978)................................................... 1, 17

*Lemberg v. JPMorgan Chase Bank, N.A.*,
   No. 17-CV-05241-JSC, 2018 WL 1046886 (N.D. Cal. Feb. 26, 2018)..............21

*10E. LLC v. Travelers Indem. Co. of Connecticut*,
   483 F. Supp. 3d 828 (C.D. Cal. 2020).......................................... 2, 17

*Marcus v. AT&T Corp.*,
  138 F.3d 46 (2d Cir. 1998) ............................................................ 4, 20

*Moreno v. Town of Greenburgh*,
  No. 13 Civ. 7101(VB), 2014 WL 3887210 (S.D.N.Y. June 9, 2014)................22

*O'Grady v. State*,
  140 Hawai'i 36, 398 P.3d 625 (2017) ....................................................23

*Pickard v. City & Cnty. of Honolulu*,
  51 Haw. 134, 452 P.2d 445 (1969)........................................................21

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 ...................................................................................3

*Sanford v. MemberWorks, Inc.*,
  625 F.3d 550 (9th Cir. 2010) ......................................................... 4, 20

*State v. Phillips*,
  138 Hawai'i 321, 382 P.3d 133 (2016) ..................................................23

*Stewart v. Victoria's Secret Stores, LLC*,
  851 F. Supp. 2d 442 (E.D.N.Y. 2012)....................................................22

*Tornheim v. Eason*,
  175 F. App'x 427 (2nd Cir. 2006)........................................................22

*Winfrey v. GGP Ala Moana LLC*,
  130 Hawaii 262, 308 P.3d 891 (2013)....................................................21

*Wright v. Serv. Emps. Int'l Union Loc. 503*,
  491 F. Supp. 3d 872 (D. Or. 2020)................................................... 3, 20

*Zepher v. Kaiser Found. Hosp.*,
  687 F. App'x 636 (9th Cir. 2017)........................................................18

Statutes

18 U.S.C. § 241 ................................................................... 8, 12, 13

28 U.S.C. § 1343 ..................................................................... 1, 17

28 U.S.C. § 1367(a) ................................................................... 3, 19

42 U.S.C. § 1983 ............................................................ 10, 11, 18, 24

HRS § 663-1.6....................................................................10

HRS § 852-1.......................................................................10

Rules

FRCP Rule 15 ................................................................................13

FRCP Rule 8 ..................................................................................16

FRCP Rule 12 ........................................................................... 15, 16

I.      **INTRODUCTION**

In what is now Plaintiff's third lawsuit relating to events purported to have taken place on Defendant's property, the Second Amended Complaint constitutes Plaintiff's fifth substantive effort to assert state law negligence claims against Defendant in a federal forum, in the absence of diversity jurisdiction. But where Plaintiff's previous filings against Defendant have each been dismissed *inter alia* for lack of subject matter jurisdiction, the Second Amended Complaint endeavors to remedy the defect by naming Hawaiʻi Police Department (**HPD**) Officer Craig Derasin as a co-defendant.

While this Court may have jurisdiction over the claims specific to Officer Derasin,[1] Plaintiff has already sued HPD and the County of Hawaiʻi (**County**) in a separate action, which was based on the same facts and circumstances as are at issue here,[2] and that matter was resolved by way of a settlement agreement[3]

---

[1] Because federal courts have jurisdiction under 28 U.S.C. § 1343 to hear civil actions to redress depravation of federal rights, *Kedra v. City of Philadelphia*, 454 F. Supp. 652, 664 (E.D. Pa. 1978), and accepting Plaintiff's allegations against Officer Derasin as true, this Court would likely have jurisdiction to hear Plaintiff's claims against Officer Derasin. However, because Officer Derasin is effectively a "sham defendant," it is not clear whether (absent some other basis for jurisdiction) Plaintiff's Second Amended Complaint establishes subject matter jurisdiction even as to the claims asserted against Officer Derasin.

[2] *See*, *e.g.*, the Complaint in the lawsuit styled *Noe K. Raquinio v. County of Hawaiʻi, HPD*, filed under Civil No. 20-00441 DKW-KJM (**County Action**), a true and correct copy of which is attached hereto as *Exhibit 1*. While, typically, "a court may not consider materials outside the pleadings in deciding a motion to dismiss... [W]hen a defendant properly challenges subject matter jurisdiction

wherein Plaintiff agreed "not to sue" and to "fully and forever release[], waive[], and discharge[]," the County, HPD, and HPD's officers (which include Officer Derasin) "from any and all claims, demands, [and] causes of action… that exist(ed) or may have exist(ed)…"[4] Plaintiff's lawsuit was accordingly dismissed *with prejudice.*

Per the settlement agreement, Plaintiff has no right to pursue further claims against Officer Derasin, and he has been named for no other purpose than to act as a jurisdictional pawn,[5] a means of entry into federal court, which Plaintiff desires

---

under Rule 12(b)(1)… the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6)." *Gamble v. PinnOak Res., LLC*, 511 F. Supp. 2d 1111, 1116 (N.D. Ala. 2007) (internal citations omitted). "Because the issue presented by a motion to dismiss under Rule 12(b)(1) is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the exercise of its power to hear the case." *Id.*

[3] A true and correct copy of the Settlement Agreement and Release executed to resolve the County Action is attached hereto as ***Exhibit 2***.

[4] **Ex. 2** at 1-2.

[5] Officer Derasin is the equivalent of a sham defendant. "Under the sham defendant doctrine, a defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant cannot be liable on any theory." *10E, LLC v. Travelers Indem. Co. of Connecticut*, 483 F. Supp. 3d 828 (C.D. Cal. 2020). "Courts apply the sham defendant doctrine when a plaintiff brings a wholly un-meritorious cause of action against a resident defendant in order to destroy diversity jurisdiction." *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, No. C-04-03615 RMW, 2005 WL 2216950, at *4 (N.D. Cal. July 25, 2005). While not exactly applicable, the sham defendant doctrine essentially provides that where a party is improperly named to advance some jurisdictional advantage, the maneuver should be rejected. Here, Plaintiff has named Officer Derasin to establish subject matter jurisdiction, but pursuant to Plaintiff's settlement with HPD, the County, and

2

because he has been deemed a "vexatious litigant" by the Circuit Court of the Third Circuit, and Plaintiff is barred from filing new actions in state court without posting a $10,000 bond.[6] The simple fact here is that there are no new allegations contained in Plaintiff's Second Amended Complaint that cure the jurisdictional issues identified by the Court in its August 12, 2021, Order Granting in Part in Denying in Part Defendant's Motion to Dismiss Complaint Filed June 1, 2021 (**MTD Order**), [Dkt. 32], and Plaintff's naming of Officer Derasin is an improper effort to create jurisdiction.

Given the perfidious nature of Plaintiff's tactics, the Second Amended Complaint should be dismissed out of hand. And if *arguendo* the Court was to evaluate whether it should exercise supplemental jurisdiction[7] over the state claim asserted against Defendant, "courts consider factors such as judicial economy, convenience, fairness, and comity." *Wright v. Serv. Emps. Int'l Union Loc. 503*,

---

County officers, Officer Derasin cannot be liable on any theory asserted in Plaintiff's Second Amended Complaint, and Plaintiff's naming of Officer Derasin should not be construed as curing the jurisdictional defects in Plaintiff's claims against Defendant.

[6] *See*, *e.g.*, Docket for Case No. 3CC191000099K, a copy of which is attached hereto as ***Exhibit 3***, at Docket No. 62. The Court may take judicial notice of court filings and other matters of public record. *See*, *e.g.*, *Brown v. Porter McGuire Kiakona & Chow, LLP*, No. CV16-00448 LEM-KJM, 2017 WL 3763843 (D. Haw. Aug. 30, 2017) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)).

[7] A District Court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a).

491 F. Supp. 3d 872, 879 (D. Or. 2020) (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction…" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 250, 108 S.Ct. 614, 619 (1988); *see also*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.")

Here, there has been no meaningful discovery exchanged, no substantive judicial opinions or orders on the merits have issued, and Defendant has been forced to expend significant amounts on attorneys' fees opposing Plaintiff's voluminous complaints and motions, despite there being no legitimate basis for the claims against Defendant to proceed in federal court. As a matter of basic fairness, in the interest of judicial economy, and if the Court determines that Plaintiff's naming of Officer Derasin somehow confers jurisdiction despite Plaintiff having no basis to pursue claims against Officer Derasin, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

However, even if *arguendo* this Court were to elect to retain jurisdiction over Plaintiff's state law claim against Defendant, the Second Amended Complaint must nonetheless be dismissed because it fails to state a claim upon which relief

4

can be granted. Specifically, there are no facts alleged to support a finding that Defendant breached any duty of care, or that Defendant's acts or omissions were the proximate cause of Plaintiff's purported injuries. And if Plaintiff's Section 1983 claims can somehow be construed as being brought against Defendant, there is likewise nothing alleged to support a finding that Defendant is liable to Plaintiff insofar as Defendant was not a "state actor"; its security guards never touched Plaintiff; they were not present for and did not participate in his arrest; and they were not present at the police station when Plaintiff was purportedly the victim of an illegal search and seizure. Indeed, Plaintiff's prior sworn testimony, which he incorporates into his Second Amended Complaint, expressly states that at the time of his arrest and alleged injury, "[t]here was nobody at the resort present to stop anybody." [Dkt. 58] at "Ex. A," 16:6-7.

## II.   **RELEVANT BACKGROUND**

### A.   **The County Action Arose from the Same Facts and Circumstances as Alleged in the Second Amended Complaint, and Plaintiff Released All Claims Against Officer Derasin.**

In the lawsuit styled *Noe K. Raquinio v. County of Hawai'i, HPD*, filed under Civil No. 20-00441 DKW-KJM (***County Action***), Plaintiff previously alleged:

> I was beat up by 4 unknown police after I confronted the security about why the beach gate was locked when the beach reopened on 9/20/2020. The employee then got mad and giving no explanation why beachgoers have to park our vehicles on highway and walk 3 miles to get to ocean. He then called cops as I walked away to walk 2

> more miles, halfway there is where they ran me down and beat me up…

**Ex. 1** at 4 (¶ C). Plaintiff further alleged that the events giving rise to his claims occurred at Kohanaiki Beach Park on September 26, 2020,[8] and this Court has acknowledged that this case and the County Action are based on the same facts and circumstances:

> Plaintiff filed a separate lawsuit against the County of Hawaii, the Hawaii Police Department, and unknown officers, arising from the same incident on September 26, 2020, [*Raquinio v. County of Hawaii et al.*, CV 20-00441 DKW-KJM, Complaint for Violation of Civil Rights, filed 10/14/20 (dkt. No. 1),] which was dismissed with prejudice pursuant to a stipulation signed by the district judge on May 5, 2021, [*id.*, Stipulation for Dismissal of All Claims and Parties with Prejudice and Order, filed 5/5/21 (dkt. No. 77)].

[Dkt. 32] at n. 5. Preceding the filing of the Stipulation for Dismissal of All Claims and Parties and Order, referenced above, in April 2021, Plaintiff and the County executed a document entitled "Settlement Agreement and Release,"[9] which provides, in relevant part:

> In order to avoid the further expense and risk of litigation, Plaintiff and the County now desire to mutually and finally resolve all issues and claims related to the Lawsuit [filed on or about October 14, 2020, in the United States District Court for the District of Hawaiʻi, entitled *Noe K. Raquinio v. County of Hawaiʻi, HPD,* Civil No. 20-00441 DKW-KJM]. Accordingly, in consideration for the mutual promises, covenants and conditions contained herein, Plaintiff and the County hereby agree as follows:

---

[8] **Ex. 1** at 4 (¶¶ A, B).

[9] *See* **Ex. 2**.

1. The County shall pay the sum of EIGHT THOUSAND DOLLARS ($8,000.00) to Plaintiff…

2. In exchange therefore, Plaintiff (as well as his heirs, representatives, agents, designees, successors, and assigns) *hereby covenants not to sue and fully and forever releases, waives, and discharges the County* (*as well as their* [sic] present, former, and future departments, agencies, divisions, *officers*, directors, *agents*, *employees*, contractors, assigns, and designees) *from any and all claims, demands, causes of action, rights of appeal, costs, fees including attorneys' fees, expenses, damages, penalties, fines, judgments, orders, and liabilities of whatever kind or nature, in law, contract, equity, or otherwise that exist(ed) or may have exist(ed) up to and including the undersigned date.*

Ex. 2 at 1-2 (emphasis and brackets added).

## B.   The Original Action Was Dismissed Without Leave to Amend.

After filing his complaint in the County Action, on December 9, 2020, Plaintiff brought a separate lawsuit in the action styled *Noe Raquinio v. Koaniki Resort* (sic)*, (David Reese), Koanaiki Realty* (sic) under Civil No. 20-00540 ACT-RT (***Original Action***).[10] On December 28, 2020, Plaintiff filed another document entitled, "Complaint,"[11] which expanded on the allegations contained in the first complaint, and asserted:

- That on September 26, 2020, Plaintiff was attempting to access the "Pine trees surf spot" located in front of the "Koanaiki Resort";[12]

---

[10] A true and correct copy of Plaintiff's December 9, 2020, complaint filed under Civil No. 20-00540 ACT-RT is attached hereto as ***Exhibit 4***.

[11] A true and correct copy of Plaintiff's December 28, 2020, "Complaint" is attached hereto as ***Exhibit 5***.

[12] **Ex. 5**, at 1.

7

- That while doing so, the "Koanaiki Resort was intentionally blocking the beach access by locking the entrance gates purposely";[13]

- That Plaintiff then "confronted the resort security" and that the individual confronted by Plaintiff called police;[14]

- That Plaintiff also called police, but the call was cut off, and that Plaintiff was approached by "resort security," who gestured toward Plaintiff;[15]

- That thereafter, a police officer engaged with Plaintiff and the police officer "attacked" Plaintiff and proceeded to place restraints on Plaintiff before "tearing [Plaintiff's] arm apart [and] ripping [Plaintiff's] right shoulder rotator cuff";[16] and

- That Plaintiff's legs were bent "backwards until [Plaintiff's] back gave in broken."[17]

As a basis for jurisdiction, Plaintiff indicated that the case presented a federal question, and Plaintiff identified 18 U.S.C. § 241, "Conspiracy against rights," as the specific statute at issue.[18]

### 1. Plaintiff's Complaint in the Original Action Was Dismissed with Leave to Amend.

On January 29, 2021, the Hon. Rom A. Trader issued his Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis (**Complaint F & R**).[19] The Complaint F & R noted that 18 U.S.C.

---

[13] **Ex. 5** at 1.

[14] *Id.* at 1-2.

[15] *Id.* at 2.

[16] **Ex. 5** at 2.

[17] *Id.* at 2.

[18] **Ex. 4** at 4 (§ II and § II(A)).

[19] A true and correct copy of the Complaint F & R is attached hereto as **Exhibit 6**.

§ 241 is a criminal statute and that, "A civil complaint cannot be used to state a claim for the violation of a criminal statute."[20] On that basis, Judge Trader recommended dismissal of the "Complaint," without prejudice and with leave to amend, and on February 16, 2021, the Hon. Alan C. Kay issued an order adopting Judge Trader's Complaint F & R.[21]

> **2.** ***Plaintiff's First Amended Complaint in the Original Action Failed to Cure the Jurisdictional Defect, and Plaintiff's Claims Were Therefore Dismissed Without Leave to Amend, and Judgment Was Entered Against Plaintiff.***

On March 12, 2021, Plaintiff filed his First Amended Complaint (***FAC***)[22] in the Original Action. However, despite the guidance provided in the Complaint F & R, the FAC did not include any statement pertaining to jurisdiction, and accordingly, on May 14, 2021, Judge Trader filed his Findings and Recommendation to Dismiss First Amended Complaint and Order Denying Plaintiff's Application to Proceed in Forma Pauperis (***FAC F & R***).[23] The FAC F & R recommended dismissal of the FAC "***without leave to amend***."[24] On June 2, 2021, Judge Kay issued an order adopting Judge Trader's FAC F & R.[25] Final

---

[20] *See* **Ex. 6** at 4.

[21] A true and correct copy of February 16, 2021, order adopting Judge Trader's Complaint F&R is attached hereto as ***Exhibit 7***.

[22] A true and correct copy of the FAC is attached hereto as ***Exhibit 8***.

[23] A true and correct copy of the FAC F&R is attached hereto as ***Exhibit 9***.

[24] *See* **Ex. 9** at 1 (emphasis added).

[25] A true and correct copy of June 2, 2021, order adopting Judge Trader's FAC

judgment was thereafter entered against Plaintiff and in favor of the defendants in the Original Action.[26]

### C.   The Instant Action Is Based on the Same Facts and Circumstances as Both the County Action and the Original Action.

Recognizing that his claims in the Original Action were going to be dismissed, Plaintiff attempted to circumvent that result by filing his Complaint in this case on June 1, 2021. [Dkt. 1]. The Complaint set forth a "Statement of the Case," which asserted the same essential facts and circumstances as were asserted in both the County Action and Original Action. Specifically, the complaint alleged that on September 26, 2020, Plaintiff "was going to surf at Koanaiki (sic) beach also known as [Pinetrees,]" that the "entry to the county beach was closed," and that he thereafter "confronted" a security guard who called police. *Id.* at 2. Plaintiff further claimed that he was "run down by a white male officer" who "intentionally used excessive force," which caused purported injuries to Plaintiff. *Id.*

The Complaint identified 42 U.S.C. § 1983, deprivation of rights, as the basis for federal jurisdiction, and asserted claims related to premises liability and negligence, breach of HRS § 663-1.6, "Duty to assist," and breach of HRS § 852-1, "Refusal to provide ingress or egress." *Id.* at 3-5.

---

F&R is attached hereto as ***Exhibit 10***.

[26] A true and correct copy of the final judgment is attached hereto as ***Exhibit 11***.

**D.     The Court Dismissed Plaintiff's Complaint with Leave to Amend.**

On June 24, 2021, Defendant filed its Motion to Dismiss Plaintiff's Complaint Filed June 1, 2021 (**MTD**). [Dkt. 13]. Therein, Defendant sought the dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief could be granted. Defendant also sought dismissal, without leave to amend, on grounds that Plaintiff's claims had twice been dismissed by Judge Kay. On August 12, 2021, this Court issued its MTD Order, which set forth the law governing claims brought pursuant to 42 U.S.C. § 1983:

> "To state a claim under § 1983, the plaintiff must allege that the defendant's actions were taken under color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 1001)… "While generally not appliable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)). "'The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)… The satisfaction of one of four tests is sufficient to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley*, 326 F.3d at 1092…

[Dkt. 32] at 6-7. Applying Plaintiff's allegations to the "public function" test, the "joint action" test, the "governmental compulsion or coercion" test, and the "governmental nexus" test, the Court ruled, in summary, that Plaintiff failed to

state a viable Section 1983 claim, and that Plaintiff failed to plead any claims or facts suggesting the Court had an alternative basis to assert subject matter jurisdiction. [Dkt. 32] at 10. The Court further ruled that because Plaintiff's state law claim of premises liability could not support his Section 1983 jurisdictional claims, that Plaintiff also failed to state a claim upon which relief could be granted. [Dkt. 32] at 11.

> **E.   Plaintiff Is Permitted to Add Officer Derasin as a Co-Defendant, and to Bring Claims Against Officer Derasin for Excessive Force and State Law Negligence.**

After issuance of the MTD Order, on August 14, 2021, Plaintiff filed a Motion to Amend Its Pleadings (***Motion to Amend***), [Dkt. 33], which sought to (1) add the State of Hawai'i as a defendant; (2) add a claim for violation of 18 U.S.C. § 241 against Defendant; and (3) add Officer Derasin as a co-defendant and bring claims against him under § 1983 and for State law negligence.[27] Defendant filed its Opposition to Plaintiff's Motion to Amend on September 3, 2021. [Dkt. 46].

---

[27] Later, on August 19, 2021, Plaintiff filed two documents entitled "Plaintiff Amended Complaint" (***Amended Complaint 1***) and "Plaintiff Amended Complaint 42-USCS-1983 For 'Negligence'" (***Amended Complaint 2***). [Dkts. 36-37]. On August 23, 2021, Plaintiff filed a document entitled "Memorandum of Law 'Negligence' Supporting Complaint S.O.H.C.O.I." (***Memorandum***). [Dkt. 29]. On August 26, 2021, Plaintiff filed a document entitled "Plaintiff Affidavit Statement of Case" (***Affidavit*** and collectively with Amended Complaint 1, Amended Complaint 2, and the Memorandum, the ***First Amended Complaint***). [Dkt. 40]. On August 27, 2021, Plaintiff filed his Rule 56 Motion for Partial Summary Judgment (***MPSJ***). [Dkt. 41]. On September 9, 2021, Defendant filed its Motion to Dismiss [First] Amended Complaint (***MTD 2***). [Dkt. 45]. On September 16, 2021,

By order dated September 27, 2021 (**MTA Order**), the Hon. Wes Reber Porter denied Plaintiff's requests to add the State of Hawai'i as a defendant or to add a claim for violation of 18 U.S.C. § 241. [Dkt. 56]. However, Judge Porter granted Plaintiff's request to add Officer Derasin as a defendant. On October 2, 2021, Plaintiff filed his Second Amended Complaint,[28] which named Officer Derasin, and asserted four claims for relief: Claim I (Negligence); Claim II (Excessive Force); Claim III (False Arrest); and Claim IV (Illegal Search and Seizure).[29]

> **F.    Plaintiff's Second Amended Complaint Alleges the Same Facts and Circumstances that Have Been Repeatedly Alleged and Rejected.**

Plaintiff's Second Amended Complaint asserts allegations that are substantively identical to what has already been pled, over and over, in the County

---

Defendant filed its Opposition to Plaintiff's MPSJ. [Dkt. 50].

[28] On October 6, 2021, this Court issued its Order Regarding the Effect of Plaintiff's Second Amended Complaint on the Motions Pending Before the Court. [Dkt. 60]. Therein, the Court ruled that Plaintiff's First Amended Complaint was to be treated as if it no longer exists, and that both Plaintiff's MPSJ and Defendant's MTD 2 were denied.

[29] In the MTD Order, this Court ruled, "If Plaintiff wishes to add new parties or claims, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2)." [Dkt. 32] at 12. In the MTA Order, Judge Porter ruled, "…Plaintiff's requests to add Craig Derasin as a defendant and allege claims against him **for excessive force and negligence** are GRANTED. **In all other respects, Plaintiff's Motion is DENIED**." [Dkt. 56] at 11 (emphasis added). Insofar as Plaintiff did not seek, and was not granted, leave to amend his complaint to include claims for False Arrest or Illegal Search and Seizure, those claims should be dismissed. However, given that Plaintiff is proceeding *pro se*, and in an abundance of caution, Defendant herein addresses

Action, the Original Action, and in Plaintiff's Complaint filed in this action on

June 1, 2021:

> This is a monetary compensatory lawsuit against the defendants stated above in this here case that occurred on Sept. 26, 2020 on the property of [Defendant] who offers public access which is the only entrance to a County beach park known as Kohanaiki Beach Park aka, (Pinetrees).

> On Sept. 26, [Defendant] were purposefully without the county permission had blocked all vehicle access to the county beach as far as placing an all-terrain vehicle with the driver in front of the County beach gate intimidating beach goers from going to the public beach.

> [Plaintiff] in this here case confronted resort security guards who locked the public access gate, by questioning them about their actions about the closed gate lead to a disagreement in which security called a single officer cellphone while moments later [Plaintiff] protect himself by call 911 at 9:230 am sept. 26 2020.

> At 9:23 am 911 CAD Call HPD STATION based on HPD records dispatched 10 officers to the scene, when they arrived to scene they saw plaintiff fighting for his life from the attaching Officer Craig Derasin had plaintiff in a vascular neck chokehold with his knee on plaintiff neck while ripping right arm that was in handcuffs.

> All 11 officer then began beating, kicking and punching and cutting [Plaintiff] at the same time fully restraint him face down on the ground with his hands cuffed behind his back.

> Officer Hull proceeded after the first excessive force by Derasin and further more to control then excessively forced plaintiffs legs backwards toward his head for 20 minutes which finally breaking plaintiffs back and exhausting officer hull energy which ended the excessive force on plaintiff.

[Dkt. 58] at 2-4. Notably, Plaintiff added no new allegations addressing or curing

the jurisdictional defects identified in this Court's MTD Order with respect to the

---

each of Plaintiff's claims as if they were properly pled.

claims against Defendant, and the only substantive change was the addition of Officer Derasin as a named defendant.

## III.   LEGAL STANDARD

### A.   Lack of Subject Matter Jurisdiction.

FRCP Rule 12(b)(1) provides, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]" Further, pursuant to FRCP Rule (12)(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." While, typically, "a court may not consider materials outside the pleadings in deciding a motion to dismiss… [W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1)… the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6)." *Gamble*, 511 F. Supp. 2d at 1116 (internal citations omitted). "Because the issue presented by a motion to dismiss under Rule 12(b)(1) is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the exercise of its power to hear the case." *Id.*

### B.   Failure to State a Claim Upon Which Relief Can be Granted.

Per Rule 12(b)(6), dismissal is appropriate where a complaint fails to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal is proper where

there is either a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Likewise, a pleading containing "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the pleading requirements of FRCP Rule 8 and cannot withstand a motion to dismiss for failure to state a claim. *Id*. (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint. Legal conclusions, however, are not entitled to an assumption of truth. *Id*. at 1949-50. Legal conclusions must be supported by factual allegations for the complaint to survive a motion to dismiss. *Id*. at 1950. A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 285 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted).

16

## IV.   **ARGUMENT**

### A.   **Even If *Arguendo* Plaintiff's Second Amended Complaint Establishes Jurisdiction as to Claims Against Officer Derasin, Plaintiff Has Released All Claims He Could Have Brought Against Officer Derasin, and Plaintiff Is Therefore Barred from Pursing His Federal Claims.**

Because federal courts have jurisdiction under 28 U.S.C. § 1343 to hear civil actions to redress depravation of federal rights, *Kedra*, 454 F. Supp. at 664, and accepting Plaintiff's allegations against Officer Derasin as true, this Court would likely have jurisdiction to hear Plaintiff's claims against Officer Derasin. However, because Officer Derasin is effectively a "sham defendant," Plaintiff's naming of Officer Derasin should not be construed as curing Plaintiff's jurisdictional defects.

"Under the sham defendant doctrine, a defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant cannot be liable on any theory." *10E, LLC*, 483 F. Supp.3d 828. "Courts apply the sham defendant doctrine when a plaintiff brings a wholly un-meritorious cause of action against a resident defendant in order to destroy diversity jurisdiction." *HVAC Sales, Inc.*, 2005 WL 2216950, at *4. While not exactly applicable here, the sham defendant doctrine essentially provides that where a party is improperly named to advance some jurisdictional advantage, the maneuver should be rejected.

In this case, Plaintiff has named Officer Derasin for the sole purpose of seeking to establish jurisdiction, but pursuant to Plaintiff's settlement with HPD and the County, Officer Derasin cannot be liable on any theory asserted in

17

Plaintiff's Second Amended Complaint. This is because, "[i]n general, a written release of claims will bar any claim covered by the release's terms, provided the release has not been obtained by fraud, deception, misrepresentation, duress, or undue influence." *Zepher v. Kaiser Found. Hosp.*, 687 F. App'x 636, 638 (9th Cir. 2017). Insofar as Plaintiff has not asserted any allegations of fraud, deception, misrepresentation, duress, or undue influence, with respect to the settlement agreement, Plaintiff should be barred from pursuing his claims against Officer Derasin, and Plaintiff's federal claims (and any possible basis for subject matter jurisdiction, if any) should thereby be extinguished.[30]

### B.     The Second Amended Complaint Does Not Allege Any Facts Suggesting that Defendant Engaged in Conduct That Could Be Construed as 'State Action'.

In the absence of any viable claim against Officer Derasin, there is no federal question, and no basis for this action to be in federal court, despite Plaintiff's effort to construe his claims as falling under 42 U.S.C. § 1983, because Plaintiff has failed to plead any facts showing or suggesting that Plaintiff's Constitutional rights have been violated by Defendant, or that Defendant's actions were taken under color of state law. The MTD Order identified the different mechanisms whereby Plaintiff could establish jurisdiction, specifically, by

---

[30] Upon information and belief, the Office of Corporation Counsel will be filing a motion to dismiss Plaintiff's Second Amended Complaint as to Officer Derasin on grounds that Plaintiff previously released claims he could have brought against

satisfying either the "public function" test, the "joint action" test, the "governmental compulsion or coercion" test, or the "governmental nexus" test. Plaintiff's Second Amended Complaint, however, adds no new allegations or facts that expand, in any meaningful manner whatsoever, upon the allegations already pled in Plaintiff's Complaint filed June 1, 2021, which this Court rejected.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Negligence Claim.

If *arguendo* the Court determines that the claims against Office Derasin are improper and in violation of the County Action's settlement agreement, but nevertheless finds that the assertion of futile claims against Officer Derasin was sufficient to vest the Court with jurisdiction over Plaintiff's Second Amended Complaint, the Court should decline to exercise supplemental jurisdiction over the state negligence claim asserted against Defendant. A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution…

28 U.S.C. § 1367(a). However, subjection (c) of the same statute provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under

---

Officer Derasin in the County Action.

subjection (a) if… (3) the district court has dismissed all claims over which it has original jurisdiction…"

In determining whether supplemental jurisdiction is proper, "courts consider factors such as judicial economy, convenience, fairness, and comity." *Wright*, 491 F. Supp. 3d at 879 (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction…" *Carnegie-Mellon University*, 484 U.S. at 250, 108 S.Ct. at 619; *see also*, *Marcus*, 138 F.3d at 57 ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.")

Here – and, again, assuming this Court determines that it has jurisdiction over the Second Amended Complaint despite Officer Derasin being a sham defendant – all factors plainly weigh against this Court exercising supplemental jurisdiction over Plaintiff's state law claim. And, where "[o]ne factor that may sometimes favor retaining pendant jurisdiction is when a state claim is closely tied to questions of federal policy and where the federal doctrine of preemption may be implicated," *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2nd Cir. 1988), there are no such questions or issues at play.

**D.**     **Even If *Arguendo* Plaintiff Was Able to Establish Subject Matter Jurisdiction, Plaintiff Has Nonetheless Failed to State a Claim Upon Which Relief Can Be Granted.**

The Second Amended Complaint asserts four claims for relief: Claim I (Negligence); Claim II (Excessive Force); Claim III (False Arrest); and Claim IV (Illegal Search and Seizure). Nothing alleged in the Second Amended Complaint, even taken as true and construing the filing liberally, states a claim for relief against Defendant that is "plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "

**1.**     ***Plaintiff's Negligence Claim Fails to State a Claim Upon Which Relief Can Be Granted.***

To prevail on his negligence claim, Plaintiff must establish: "A legal duty of care, breach of that duty, and proximate cause resulting in injury." *Lemberg v. JPMorgan Chase Bank, N.A.*, No. 17-CV-05241-JSC, 2018 WL 1046886, at * 2 (N.D. Cal. Feb. 26, 2018) (citation omitted). Even if *arguendo* Defendant owed a duty of care to Plaintiff while Plaintiff was on Defendant's property,[31] the facts alleged in the Second Amended Complaint, if true, would not support a finding that Defendant breached its duty of care, or that Defendant's purported acts or omissions were the cause of Plaintiff's injuries.

---

[31] "An occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises, regardless of the status of the individual as invitee, licensee, or trespasser." *Winfrey v. GGP Ala Moana LLC*, 130 Hawaii 262, 271, 308 P.3d 891, 900 (2013) (citing *Pickard v. City & Cnty. of*

The Second Amended Complaint's Negligence claim, Claim I, alleges that "Defendant… owed a duty to exercise reasonable care to ensure [Plaintiff's] safety," and that, "[b]y intentionally closing the county beach access created [by?] defendant[, Defendant] breached this duty of care." [Dkt. 58] at 4. To start, Plaintiff fails to allege how closing a beach access breached a duty of care to keep Plaintiff safe. But if it were to be assumed that Plaintiff intended to allege that closure of the beach access somehow led to Defendant's security guards negligently calling police, which in turn led to Plaintiff's purported injuries, courts have routinely found such allegations to be insufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted.[32]

---

*Honolulu*, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969).

[32] *See*, *e.g.*, *Betts v. Shearman*, 751 F.3d 78, 86 (2nd Cir. 2014) (holding that plaintiff's claim that "he was arrested upon the false accusation of assault made against him by private citizen to the police" was "insufficient to state a plausible claim that [the private citizen] and the arresting officers shared a common goal of violating [the plaintiff's] rights" and that the case was properly dismissed); *Tornheim v. Eason*, 175 F. App'x 427, 429 (2nd Cir. 2006) (holding that where private actors provided law enforcement with a false affidavit, "it cannot be said that there had been a meeting of the minds between the private and state actors such that they had been 'jointly engaged' in a plan to deprive [the plaintiff] of any rights."); *Moreno v. Town of Greenburgh*, No. 13 Civ. 7101(VB), 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (concerning § 1983 claims, "[a] private actor who provides information to police officers or prosecutors does not act under color of state law. … This is so even if the information provided is deliberately false."); *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) (same); *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (same).

Moreover, even if Defendant did somehow breach a duty of care, the breach cannot be said to have been the proximate cause of Plaintiff's purported injuries. "A party's conduct is a legal cause of harm to another if… his conduct is a substantial factor in bringing about the harm." *State v. Phillips*, 138 Hawai'i 321, 352, 382 P.3d 133, 164 (2016) (internal citation and quotation marks omitted).[33] Here, there is no plausible interpretation of the allegations set forth in the Second Amended Complaint that could lead a reasonable person to conclude that closing a beach access constituted a substantial factor in Plaintiff's injuries, which were allegedly caused by Officer Derasin, not Defendant. Plaintiff's own allegations establish that none of Defendant's agents or employees were even present when Plaintiff was arrested. [Dkt. 58] at "Ex. A," 16:6-7.

### 2. *Plaintiff's Remaining Claims Likewise Fail to State a Claim Upon Which Relief Can Be Granted.*

Regarding Plaintiff's Excessive Force claim, Claim II, he does not allege anywhere in the Second Amended Complaint that Defendant's security guards used *any* force against Plaintiff, or that Defendant's security guards even touched

---

[33] "[A] substantial factor is one that a reasonable person would consider to have contributed to the harm." *O'Grady v. State*, 140 Hawai'i 36, 47, 398 P.3d 625, 636 (2017); *see also*, *Haake v. Safeway*, 819 F. Supp. 2d 1132, 1135 (D. Haw. 2011) ("As to the issue of causation, an actor's negligent conduct is a legal cause of harm to another if (a) his or her conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his or her negligence has resulted in the harm.") (Internal citations, quotation marks and brackets omitted).

Plaintiff. Instead, the Second Amended Complaint proffers only that Defendant's security guards called police. "To prevail on a claim for the use of excessive force under the Fourth Amendment, a Section 1983 plaintiff is required to provide he: (1) suffered some injury, which (2) resulted from force that was clearly excessive to the need for force, (3) the excessiveness of which was objectively unreasonable." *Hollard v. City of Houston*, 41 F. Supp. 2d 678, 690 (S.D. Tex. 1999) (internal citations and quotation marks omitted). Insofar as there is no allegation that Defendant used force against Plaintiff, excessive or otherwise, Defendant cannot be held liable to Plaintiff.

Similarly, Plaintiff does not allege that Defendant participated in Plaintiff's "false" arrest, or that Defendant had any involvement in Plaintiff's alleged Illegal Search and Seizure claim. And again, Plaintiff's prior sworn testimony, which he incorporates into his Second Amended Complaint, expressly states that at the time of his arrest and alleged injury, "[t]here was nobody at the resort present to stop anybody." [Dkt. 58] at "Ex. A," 16:6-7. Because Defendant had no role in Plaintiff's arrest or subsequent search, Defendant cannot be held liable to Plaintiff.

## V.   <u>CONCLUSION</u>

For the reasons addressed herein, Defendant respectfully requests that Plaintiff's Second Amended Complaint be dismissed for lack of subject matter

jurisdiction and/or failure to state a claim upon which relief can be granted, and that Plaintiff's claims be dismissed without leave to amend.

DATED:  Honolulu, Hawai'i, October 15, 2021.

/s/ Robert J. Brown
ANDREW J. LAUTENBACH
ROBERT J. BROWN

Attorneys for Defendant
KOHANAIKI COMMUNITY
ASSOCIATION

25