IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NOE RAQUINIO,<br><br>        Plaintiff,<br><br>   vs.<br><br>KOHANAIKI COMMUNITY ASSOCIATION; HPD OFFICER CRAIG DERASIN;<br><br>        Defendants. | Civil No. 21-00255 LEK-WRP<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

### I.   <u>INTRODUCTION</u>

The Court should dismiss Plaintiff's Second Amended Complaint with prejudice because the claims alleged therein were already settled in a prior federal court case. By filing this instant action, Plaintiff inexcusably violated terms and conditions that were set forth in a Settlement Agreement and Release ("Settlement Agreement"). Plaintiff entered into said Settlement Agreement on his own volition, and now seeks to circumvent the Settlement Agreement. To be frank, Plaintiff's conduct is rather disturbing because the claims alleged are based on the same exact facts and circumstances of the claims that were previously settled. The sole difference between this action and the prior case, is that here, Plaintiff named

Craig Derasin as a Defendant.[1]  By virtue of the Settlement Agreement, Plaintiff is barred from pursuing this action.  Therefore, relief cannot be granted for any of Plaintiff's claims that are alleged against Defendant Derasin.  Accordingly, Plaintiff's Second Amended Complaint should be dismissed as a matter of law.

## II.  BACKGROUND

On October 2, 2021, Plaintiff filed his Second Amended Complaint against Defendant Derain based on events that allegedly occurred on September 26, 2020. (*See Second Amended Complaint attached hereto as Exhibit 1*).  The Second Amended Complaint purportedly asserts four claims against Defendant Derasin: (1) Negligence, (2) Excessive Force, (3) False Arrest, and (4) Illegal Search and Seizure.  (*Pages 4-6 of the Second Amended Complaint attached hereto as Exhibit 1*).

Plaintiff alleges that on September 26, 2020, while attempting to access Kohanaiki Beach Park, located in Kailua Kona, County of Hawaii, he was stopped by security guards, who were positioned in front of a locked gate, disallowing him access to the beach.  (*¶ 6 of the Second Amended Complaint attached hereto as Exhibit 1*).  Plaintiff inquired about the actions of the security guards, whereupon a disagreement ensued.  (*¶ 6 of the Second Amended Complaint attached hereto as*

---

[1] In the prior federal court case (Civil No. 20-00441 DWK-KJM), and with respect to the County of Hawaii's involvement, Plaintiff named "Hawaii Police Department" and "Unknown Officers" as defendants.

*Exhibit 1*).  Both Plaintiff and one of the security guards subsequently dialed 911 and requested police assistance.  *(¶ ¶ 6 and 7 of the Second Amended Complaint attached hereto as Exhibit 1*).  Hawaii County Police officers were dispatched to the scene.  *(¶ 7 of the Second Amended Complaint attached hereto as Exhibit 1*). Upon arrival, Defendant Derasin of the Hawaii County Police Department encountered Plaintiff and allegedly placed him in a chokehold.  *(¶ 7 of the Second Amended Complaint attached hereto as Exhibit 1*).  Plaintiff further asserts that Officer Hull of the Hawaii County Police Department, eventually applied physical force against Plaintiff, in place of Defendant Derasin, and that Plaintiff was subjected to beating, kicking, punching, and cutting, by 11 other Hawaii County Police officers, while fully restrained and in handcuffs. *(¶¶ 7-9 of the Second Amended Complaint attached hereto as Exhibit 1*).

Although the County of Hawaii ("County") views every Complaint filed against it with heightened scrutiny, this action is excepted because all of Plaintiff's claims contained in the Second Amended Complaint were previously settled, fully, in Civil No. 20-00441 DWK-KJM.  *(See the Settlement Agreement and Release attached hereto as Exhibit 2*).[2]  The terms and conditions of the Settlement

---

[2] The amount agreed by Plaintiff to settle all claims in Civil No. 20-00441 DWK-KJM was for (eight thousand dollars and zero cents) $8,000.00.  On May 11, 2021, Plaintiff acknowledged receiving a settlement check for the agreed upon amount of $8,000.00.

Agreement were executed (just **approximately 6 months prior** to the time of

filing the Second Amended Complaint) on April 6, 2021, and settled claims based

precisely on the same facts and circumstances alleged in Plaintiff's Second

Amended Complaint.[3]  *Id*.  Based on the contents contained within the four corners

of the Settlement Agreement, Plaintiff is barred from pursuing this action.  *Id*.

Moreover, a Stipulation for Dismissal of All Claims and Parties with Prejudice and

Order was filed on May 5, 2021.  (*See Stipulation attached hereto as Exhibit 4).*

Of extreme relevance, Paragraph 2 of the Settlement Agreement provides in part

that:

> "Plaintiff [Noe Raquinio]… covenants not to sue and fully and
> forever releases, waives, and discharges the County (as well as
> their present, former, and future departments, agencies, divisions,
> officers…agents, employees…) from any and all claims,
> demands, causes of action, right of appeal, costs, fees including
> attorneys' fees, expenses, damages, penalties, fines, judgments,
> orders, and liabilities of whatever kind or nature, in law, contract,
> equity, or otherwise that exist(ed) or may have exist(ed) up to and
> including the undersigned date." *Id*.

---

[3] On page 5 of Plaintiff's Complaint filed in Civil No. 20-00441 DWK-KJM, Plaintiff asserts
that the events giving rise to his respective claims occurred on "September 26, 2020" at
"Kohonaiki Beach Park on County Rd. between the entrance and the beach". (*See Complaint
attached hereto as Exhibit 5*).  Plaintiff alleges in broad terms, that he confronted security as to
why the beach gate was locked, that police were called, and that he was subjected to beating by
police officers.  Id.  When considering these allegations in light most favorable to Plaintiff, it is
clear they are no different than what Plaintiff alleged in his Second Amended Complaint.

Notwithstanding this, Plaintiff hastily, and indecorously, filed his Second Amended Complaint, naming Officer Craig Derasin as a Defendant. (*See SAC attached hereto as Exhibit 1*).

Furthermore, Plaintiff's Second Amended Complaint comes after Plaintiff attempted to decline the Settlement offer **just four days after** it was entered into. (*See Plaintiff's Statement Declining Offer attached hereto as Exhibit 6*). There, Plaintiff tried to skirt the Settlement Agreement by arguing that he misunderstood the dollar amount offered by the County.[4] *Id.* In response, the County filed a Motion to Enforce the Settlement Agreement on April 13, 2021. (*See County's Motion to Enforce April 6, 2021 Settlement Agreement attached hereto as Exhibit 7*). A status conference was held, whereupon the Court determined that Magistrate Judge Kenneth J. Mansfield would consider the County's motion as a non-hearing motion. Upon review, Magistrate Judge Mansfield issued "FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT COUNTY OF HAWAII'S MOTION TO ENFORCE APRIL 6, 2021 SETTLEMENT AGREEMENT AND RELEASE ("Findings"), which found the Settlement Agreement to be binding and enforceable.[5] (*See*

---

[4] Plaintiff asserted that he thought the settlement amount was for $80,000.00, not $8,000.00.

[5] The Findings specifically recommended enforcement of the provision requiring "Plaintiff to execute a Stipulation of Dismissal With Prejudice and Order prepared by the County", and if "Plaintiff refuses to execute a Stipulation of Dismissal With Prejudice and Order,… then the

*Findings attached hereto as exhibit 3*).  Accordingly, the Second Amended

Complaint should be dismissed.

### III.    <u>LEGAL STANDARD</u>

A dismissal for failure to state a claim pursuant to Federal Rules of Civil

Procedure ("FRCP") Rule 12(b)(6) is reviewed *de novo. See Monterey Plaza*

*Hotel, Ltd. v. Local 483,* 215 F.3d 923, 926 (9th Cir.2000).  Pursuant to Rule

12(b)(6), dismissal of a complaint is warranted when the Plaintiff fails "to state a

claim upon which relief can be granted."  <u>See</u> <u>also</u> *Bell Atlantic v. Twombly*, 550

U.S. 544, 555 (2007).  A Rule 12(b)(6) dismissal is proper where there is no

cognizable legal theory, or an absence of sufficient facts alleged to support a

cognizable legal theory.  *See Zamani v. Carnes*, 491 F.3d 990, 996-97 (9th Cir.

2007) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Under a Rule 12(b)(6) motion to dismiss, all allegations of material fact are

taken as true and construed in the light most favorable to the non-moving party.

*See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th

Cir. 1996).  Yet, this Honorable Court need not accept as true any allegations that

contradict: (1) documents relied upon by the complaint; or (2) matters which are

---

district court [should] dismiss [the] case with prejudice based upon the binding settlement
reached." *See Findings attached hereto as exhibit 3*.  The Court recommended that the district
court deny the County's request for attorneys' fees and costs related to the filing of the Motion.

properly subject to judicial notice.  See *Sprewell v. Golden State Warriors*, 266

F.3d 979, 988 (9th Cir. 2001).

Pursuant to Federal Rules of Evidence ("FRE") Rule 201, upon request, the

court must take notice of adjudicated facts which can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned.

Notwithstanding the scope of what a court can take judicial notice of, judicial

notice can properly be considered on a motion to dismiss.  See Queen Emma

Foundation v. Tatibouet, 123 Hawaiʻi 500, 509, n. 10, 236 P.3d 1236 (Hawaii App.

2010); Thomas v. Sterns, 129 Hawaiʻi 294, 298 P.3d 1058 (Hawaiʻi App., 2013);

Ellis v. Crockett, 51 Haw. 45, 451 P.2d 814 (1969).

## IV.    ARGUMENT

The Court should dismiss Plaintiff's Second Amended Complaint because

Plaintiff is precluded from pursuing this action primarily based on the terms and

conditions of the Settlement Agreement and the related Findings issued by

Magistrate Judge Mansfield.  Indeed, the Court can properly take judicial notice

of the Settlement Agreement and Findings.  Therefore, the Court should dismiss

Plaintiff's Second Amended Complaint because the claims asserted therein

cannot be granted relief.

**A. The Court can properly take Judicial Notice of the Settlement Agreement and the prior Findings and Recommendation from Magistrate Judge Kenneth J. Mansfield because they are matters of public record that can be readily determined from the court's electronic filing system.**

The court may take judicial notice of the Settlement Agreement and the Findings issued by Judge Kenneth J. Mansfield because both documents are proper court filings and made publicly available.  As mentioned above, FRE Rule 201 permits a court to take judicial notice of facts which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Here, both the Settlement Agreement and Findings can be readily determined by a swift and convenient search on "PACER" (the public access to court electronic records), which provides members of the public, access to federal court records.  Moreover, the accuracy of the Settlement Agreement and Findings cannot reasonably be questioned because said documents have been accepted and acknowledged by the United States District Court for the district of Hawaii.  For these reasons, taking judicial notice of said documents are proper.

**B. Taking Judicial Notice of the Settlement Agreement and the Findings issued by Magistrate Judge Mansfield does not convert the County's present Motion to Dismiss into a Motion for Summary Judgment.**

Drawing this Court's attention to the Settlement Agreement and Findings do not convert this present motion as a motion for summary judgment. The Court can take judicial notice of matters outside a pleading without converting said pleading into a motion for summary judgment. *Rosa v. CWJ Contractors, Ltd.,* 4 Haw.App. 210, 215, 664 P.2d 745, 749 (1983). In *Rosa*, the circuit court granted the Defendant's Motion to Dismiss brought pursuant to HRCP Rule 12(b)(6), for failure to state a claim and held that although documents attached to the Motion to Dismiss were outside the pleading, the documents were simply the declaration of Moving Defendant's counsel regarding the attached exhibits, which consisted of documents from the Ejectment Action. The court ultimately took judicial notice of said documents. Similarly, the ninth circuit court of appeals held that attaching an affidavit that essentially presented no material facts did not convert a motion to dismiss into a motion for summary judgment; *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986) (stating that "[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings"). Peelua v. Impac Funding Corp., No. CAAP-12-0000611, 2015 WL 4042200, at *4 (Haw. Ct. App. July 2, 2015).

Here, although the Settlement Agreement and Findings are outside this pleading, they are certainly matters of public record, because both documents are accessible to the public by way of the federal court electric filing system.

9

Accordingly, the County requests that the Court specifically take judicial notice of

the (1) the Settlement Agreement and (2) the Findings filed in Civil No. 20-00441

DWK-KJM, attached herein as Exhibits "2" and "3".

> **Exhibit "2"**: SETTLEMENT AGREEMENT AND RELEASE filed April 6, 2021.

> **Exhibit "3"**: FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT COUNTY OF HAWAII'S MOTION TO ENFORCE APRIL 6, 2021 SETTLEMENT AGREEMENT AND RELEASE filed May 3, 2021.

**C. Plaintiff is barred from pursuing this action due to a binding and enforceable Settlement Agreement Plaintiff voluntarily entered into on April 6, 2021.**

Plaintiff's Second Amended Complaint cannot stand because the Settlement

Agreement Plaintiff entered into in Civil No. 20-00441 DWK-KJM, barred him

from pursuing this action.  Under paragraph 2 of the Settlement Agreement, and

in exchange for an $8,000.00 payment to Plaintiff by the County, Plaintiff agreed

(on April 6, 2021), to not sue and fully and forever discharge the County

(including County officers, agents, and employees) for any and all claims that

existed or may have existed up to the time entering into the Settlement

Agreement.  Thus, by this agreement, Plaintiff is barred from maintaining this

action against Defendant Derasin because it involves the same claims (use of

excessive force by Hawaii County Police) that allegedly occurred on September

26, 2020, at Kohonaiki Beach Park, which were already resolved by way of the

Settlement Agreement. As a result, this also means that Plaintiff is barred from naming Officer Craig Derasin as a Defendant. However, as demonstrated by his inappropriate filing of the Second Amended Complaint, Plaintiff did the exact opposite of what he agreed to.

Needless to say, the filing of the Second Amended Complaint and Plaintiff's endeavor to decline the Settlement offer, are desperate and greedy attempts to obtain more than what Plaintiff voluntarily bargained for. Yet, Magistrate Judge Mansfield correctly found the Settlement Agreement to be binding and enforceable. In its Findings, Magistrate Judge Mansfield expressly found, among other things, and in no particular order, that: (1) The terms of the Settlement Agreement are clear and unambiguous, (2) The Parol evidence rule precludes Plaintiff from introducing extrinsic evidence to contradict the terms of the Settlement Agreement, (3) Plaintiff possessed the requisite capacity and authority to enter into the Settlement Agreement, (4) Plaintiff agreed to the material terms clearly and unambiguously set forth in the Settlement Agreement, and fully and completely understood such terms, (5) Plaintiff's status as a pro se litigant does not allow him the freedom to change his mind after executing the Settlement Agreement. When taken in totality, it is abundantly clear that Plaintiff has no course of action to pursue the claims alleged herein because the (**binding and enforceable**) Settlement Agreement bars Plaintiff from doing so. Therefore, in

light of Plaintiff's bad faith attempt to circumvent the Settlement Agreement and inexcusable failure to honor its terms, Plaintiff's Second Amended Complaint fails to state any claim upon which relief can be granted.

## V.   CONCLUSION

Based on the aforementioned, Defendant Derasin respectfully requests that the Motion to Dismiss the Second Amended Complaint be granted, and judgment be entered in favor of Defendant Derasin, and against Plaintiff on all claims.

DATED:  Hilo, Hawaii, October 20, 2021.

By   /s/ Ryan K. Thomas
RYAN K. THOMAS
Deputy Corporation Counsel
Attorney for Defendant
CRAIG DERASIN