Case 1:21-cv 00255-LEK-WRP Document 100 filed 2/2/2022 page 1-7 response to MINUTE ORDER

Noe Raquinio

P.o.Bpox 383444

Waikoloa Hi 96738

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
02 Feb. 2022 7:00 PM lrs
Michelle Rynne, Clerk of Court

# IN THE UNITED STATES FEDERAL COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| Noe Raquinio | ) CIVIL NO. 21-CV-000255-LEK-WRP |
| Plaintiff, | ) PLAINTIFFS MEMORANDUM |
| | ) VOLUNTARY DISMISSAL R. 41, a, i |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| KCA, COH, OFFICER C. Derasin | ) |
| Defendant, | ) |
| | ) |

PLAINTIFFS MEMORANDUM  VOLINTARTY DISMISSAL R. 41, a, i

1

Case 1:21-cv-00255-LEK-WRP Document 100 filed 2/2/2022 page 1-7 response to MINUTE ORDER

I plaintiff hereby Pro se Noe Raquinio under FEDERAL CIVIL PROCEDURE: VOLUNTARY DISMISSAL UNDER RULE 41(a) (i)

CONSIDERABLE controversy has arisen under the Federal Rules of Civil Procedure as to when during litigation the plaintiff loses his absolute right to a voluntary dismissal. Rule 41(a) (I) allows a plaintiff to dismiss his action without court order at any time before service by the adverse party of an answer or of a motion for summary judgment. Lower federal court decisions are in conflict over what constitutes an answer or a motion for summary judgment under this rule. In a recent district court decision, *Tele-Views News Co. v. S.R.B. TV Publishing Co.*,[1] a motion for summary judgment was construed for the purposes of rule 41 (a) (i) to include a motion to dismiss for failure to state a claim upon which relief could be granted.

The *Tele-Views News* suit was instituted originally in the Northern District of Illinois. Defendant filed a motion to dismiss under rule 12(b)(6)[2] and simultaneously sought transfer to the Eastern District of Pennsylvania.[3] After the court ordered the action transferred,[4] plaintiff filed a notice of voluntary dismissal with the clerk of the Illinois court. Defendant moved to vacate plaintiff's notice of dismissal on the ground that the motion to transfer barred subsequent voluntary dismissal. The Illinois district court transferred the entire record to the district court in Pennsylvania without ruling on either defendant's motion or on plaintiff's notice of dismissal. Prior to a decision by the Pennsylvania district court on these issues, plaintiff instituted an identical suit in the Southern District of Iowa.

Defendant petitioned the Pennsylvania district court to enjoin

plaintiff from proceeding with the suit brought in Iowa. Plaintiff, how- ever, contended that the Pennsylvania district court lacked jurisdiction to grant such an injunction, because the suit had been dismissed in Illinois. The Pennsylvania district court ruled that it did have juris- diction,[5] and held that the filing of a motion to dismiss for failure to state a claim was equivalent to a motion for summary judgment for the purposes of applying rule 41(a) (i), thus barring plaintiff from dis- missing without court order.[6]

While at common law a plaintiff had the absolute right to abandon his action at any time before verdict, substantial inroads have been made into this doctrine, primarily through statutory enactments." Prior to the adoption of the Federal Rules of Civil Procedure, federal courts were required under the Conformity Act[9] to apply a variety of state rules governing voluntary dismissals in actions at law. In equity suits, however, federal judges were allowed limited discretion in deciding at which point in the proceeding plaintiff could abandon his action without court order.[10] The drafters of the Federal Rules sought to restrict voluntary dismissal to an early stage in civil actions. Rule 41(a) (I) presently provides:

... [A] n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever first occurs.... ."

This rule permits plaintiff to dismiss voluntarily, but prevents abuse-of 2 that right by restricting its exercise to an early stage in the proceedings.1 Although early decisions arising under rule 41(a)(i) interpreted answer to mean appearance,' the federal courts

subsequently rejected this view and adopted a narrow interpretation of answer and motion for summary judgment.' A plaintiff generally has been refused voluntary dismissal only after the defendant has served a formal answer which complies with the requirements of rule 7, 15 or has made motion for

summary judgment under rule 56.16 For example, federal courts have held that a plaintiff was not deprived of his right to dismiss volun-

tarily after a motion for change of venue,[17] a motion challenging the court's jurisdiction,[28] a motion for stay pending arbitration,[19] or a motion to dismiss for failure to state a claim upon which relief can be granted.[2]

The Court of Appeals for the Second Circuit abandoned a narrow interpretation of answer under rule 41(a)(i) in *Harvey Aluminum, Inc. v. American Cyanamid Co.*[21] in denying voluntary dismissal after the merits of the controversy had been considered upon hearing for a preliminary injunction. While admitting that notice of voluntary dis- missal had been filed prior to answer or motion for summary judgment, the court held that the essential purpose of the rule would be defeated by its literal application to the case at bar.

The court in *Tele-Views News Co. v. S.R.B. TV Publishing Co.*" took an approach similar to that of the Second Circuit and held that plaintiff could not dismiss voluntarily after the court had an opportunity to make a final determination of the entire action. Defendant's motion to dismiss for failure to state a claim was accompanied by supporting affidavits, and according to the court, the district court in Illinois could have treated this as a motion for summary judgment by operation of rule 12(b)(6).2 If this were the sole ground for the decision, the holding would not represent a

departure from previous cases. How- ever, the court stated that even if viewed as a genuine motion to dismiss, without supporting affidavits, plaintiff could not dismiss voluntarily after the motion had been filed. The court observed that a motion to dismiss for failure to state a claim, like a motion for summary judgment, may present the court with the opportunity to make a final determination of the entire controversy. A decision favbrable to defendant of either motion would be res judicata as to any subsequent suit by plaintiff on the same set of facts **A** fear that the right to voluntary dismissal might be used to unfair advantage by a plaintiff, subjecting a defendant to multiple and ex- pensive law suits,[25] was a strong factor in prompting the courts in *Harvey and Tele-Views News* to depart from a literal application of rule 41(a) (I) [26] If the court in the instant case had felt that plaintiff were seeking to circumvent the dictates of rule 1,[27] it might possibly have denied plaintiff the right to dismiss voluntarily on the ground of vexatiousness'

Disregarding any question of vexatiousness, the problem of applying rule 41(a) (i) to the facts of a particular case remains. One solution would be to delete rule **41** (a) (i) and retain only the present 41 (a) (2).[29]

This would abolish plaintiff's right to voluntary dismissal and vest in the presiding judge complete discretion to decide on what terms and condi- tions plaintiff should be allowed to dismiss."[0]

Alternatively, rule 41(a) (I) could be changed to conform to the holdings in *Harvey and Tele-Views News*, and thus deny voluntary dismissal after the court has had an opportunity to consider the merits of the controversy. The substitution of this criterion for the present standard under rule 41 (a) (I) would necessarily vest a measure of dis- cretion in the presiding judge, but would not

Case 1:21-cv-00255-LEK-WRP Document 100 filed 2/2/2022 page 1-7 response to MINUTE ORDER

abolish completely the plaintiff's right of voluntary dismissal. Moreover, the suggested re- vision would set forth the true criterion by which the courts in recent cases have interpreted the rule. Such a revision would provide more certain notice to litigants of when plaintiff may dismiss his action and would have the additional advantage of more nearly achieving the purpose for which rule 41 (a) (i) originally was promulgated.

a28 F.R.D. 303 (E.D. Pa. x961).

'FED. R. Civ. P. i2(b) (6).

' Although **plaintiff joined S.R.B. TV** Publishing Co., **Inc. and** Triangle Publications, Inc. as co-defendants, only Triangle Publications, Inc. **filed** a motion **to transfer** and a motion to dismiss **for** failure to state a claim.

'Under **28 U.S.C. § 1404(a) (1958).**

*Alccord*, Littman v. Bache & Co., 252 **F.2d** 479 (zd Cir. **1958)** (cited **by** the court with approval). In *Litnan* **the** court **held** that until **the** merits of the controversy

DATE: 2/2/2022        SIGN: _____

Noe Raquinio

P.o.Box 383444

Waikoloa hi 96738

808-319-0026

## CERTIFICATE OF SERVICE

I, Noe Raquinio, do hereby certify that all documents are originals therefore as filed and entered of record in the above-captioned proceedings, and are available in electronic format and accessible through the eCFM Management System.

DATE: 2/2/2022               SIGN: _____

Noe Raquinio

P.o.Box 383444

Waikoloa hi 96738

808-319-0026